## HAYES *v.* CITY OF ST. CLAIR.

1. MUNICIPAL CORPORATIONS — NOTICE OF CLAIM — PERSONAL IN-
JURIES.

Where plaintiff's notice to a city of the fourth class claiming
damages by reason of personal injuries sustained in falling
on a defective sidewalk contained a statement of her injuries
as follows: "She was severely wrenched, strained, and
bruised; her back and legs and the tendons and ligaments
thereof were wrenched, bruised, and strained; she had, some
two years prior to that time, undergone a surgical operation
and that the attachments formed after such operation were
torn loose and that she was severely and permanently injured
internally, the extent of which is unknown to your petitioner
at this time; that at the time of said accident she was in a
family way and said fall caused her to have a miscarriage;
that ever since said fall she has suffered great mental and
physical pain, and has been incapacitated from doing any
labor, and prevented from having any amusement, recreation,
and pleasure; that she is advised that her injuries are per-
manent and further developments may show other and dif-
ferent injuries than have so far become known," it was a
sufficient statement of the extent of injury to permit her to
recover for injury to the pedicle of the left ovary and conse-
quent hindrance to proper circulation, rupture of blood ves-
sels, adhesion to the intestines and inflammation of the sur-
rounding organs.[1]

2. SAME.

A liberal construction of statutes requiring such notice is
favored so as to permit a recovery if a substantial statement
of the injury is made.[2]

3. SAME—DECLARATION—AMENDMENT OF PLEADINGS.

Plaintiff was not improperly permitted to amend her declara-
tion after the trial had proceeded about eight days, the court
granting to defendant an adjournment for two weeks, where
the amendment changed the averment of the declaration

[1] As to sufficiency of description of injury in notice of claim, see
note in 20 L. R. A. (N. S.) 804.

[2] As to validity of requirement of notice of injury as a condition
of municipal liability, see note in 36 L. R. A. (N. S.) 1136.

that plaintiff had previously enjoyed good health and substituted for it allegations showing the operation, its effect on her health and described exactly and correctly the injuries sustained.

4. SAME—EVIDENCE—TRIAL—SPECIAL QUESTIONS.
And after admitting testimony that adhesions formed after plaintiff's fall and that it might have torn them loose, the court's charge that the evidence so admitted was incompetent, but submitting to the jury special questions based on the excluded testimony was misleading and prejudicial.

5. SAME.
It was also improper to admit testimony as to an operation performed on plaintiff which had nothing to do with the fall or injuries caused thereby.

Error to St. Clair; Tappan, J. Submitted January 24, 1912. (Docket No. 120.) Decided February 18, 1913. Rehearing denied March 21, 1913.

Case by Ida Hayes against the city of St. Clair for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Lincoln Avery* and *Thomas Sawyer*, for appellant.
*Walsh & Walsh* and *Hart & Pepper*, for appellee.

McALVAY, J. This is an action brought by plaintiff against defendant to recover damages for personal injuries received by plaintiff by falling upon a sidewalk within the defendant city, claimed to have been caused on account of the negligence of the officers and agents of defendant in permitting the sidewalk to remain out of repair and in a condition not reasonably safe for public travel. The trial resulted in a verdict against defendant, upon which a judgment was entered, and from which the defendant has brought the case to this court for review upon writ of error.

This claimed injury occurred March 29, 1909, on one of the public streets of the defendant city, which is a municipal corporation, operating under the general charter for

fourth-class cities, as provided by law.   By a provision of
the law under which defendant is organized, before bring-
ing any suit by any individual claiming damages, for in-
juries sustained by reason of any defective street or side-
walk within said city, a written notice must be given
within 60 days after such injury shall have occurred, as
follows (section 1 of chapter 22, Act No. 215, Pub. Acts
1895):

"No city subject to the provisions of this act shall be
liable in damages sustained by any person in such city,
either to his person or property, by reason of any defective
street, sidewalk, crosswalk or public highway, or by rea-
son of any obstruction, ice, snow or other incumbrance
upon such street, sidewalk, crosswalk or public highway,
situated in such city, unless such person shall serve, or
cause to be served, within sixty days after such injury
shall have occurred, a notice in writing upon the clerk or
the deputy clerk of such city, which notice shall set forth
substantially the time when and place where such injury
took place, the manner in which it occurred and the ex-
tent of such injury as far as the same has become known,
and that the person receiving such injury intends to hold
such city liable for such damages as may have been sus-
tained by him."

A notice, duly verified, under the provisions of the
above section, was duly filed and served by the plaintiff
upon the city clerk May 26, 1909, within the limit of 60
days, which contained all the necessary requirements of
such notices.   The portion of this notice, which sets forth
the extent of plaintiff's injuries, is as follows:

"Your petitioner shows that by reason of said fall she
was severely wrenched, strained, and bruised.   Her back
and legs, and the tendons and ligaments thereof, were
wrenched, bruised, and strained.   She had, some two
years prior to that time, undergone a surgical operation,
and that the attachments formed after such operation was
torn loose, and that she was severely and permanently in-
jured internally, the extent of which is unknown to your
petitioner at this time; that at the time of said accident
she was in a family way, and said fall caused her to have
a miscarriage; that ever since said fall she has suffered

great mental and physical pain, and has been incapacitated from doing any labor, and prevented from having any amusement, recreation, and pleasure; that she is advised that her injuries are permanent, and further developments may show other and different injuries than have so far become known."

Plaintiff's declaration, filed December 7, 1909, in the averments, as. to the description of the injuries for which damages were claimed, followed substantially the description in the foregoing notice.

Upon the trial of the case, after eight days had been occupied in putting in plaintiff's case, and when her main case was all in, counsel on her part made a motion to amend the declaration, which was objected to by counsel for defendant, who at once made a motion for a directed verdict in its behalf upon several grounds, one of which was that there was a total variance between the averments of the declaration and plaintiff's proofs. During the discussion which occurred when the motion to amend was made, this situation was recognized by plaintiff's counsel, who said:

"The situation is simply this: The amendment is one which either has to be granted or else we have to withdraw a juror and stop the case. The allegation in the declaration is just the entire opposite to our case.

"*The Court:* It apparently alleges these conditions prior to the accident.

"*Counsel for plaintiff:* Yes, which we claim to be the result of the accident. The amendment has to be granted, or we have to submit to a nonsuit or quit. In that amendment we will withdraw the statement that she was entirely in good health."

After considerable colloquy and argument, the court requested the amendment to be submitted in writing. A recess was had, and later the following proposed amendments were presented:

"(4) Plaintiff avers that prior to said injury she was accustomed and did perform the work of her household in and about her home; that she was free from pain, and her

nervous condition was such that, without a severe shock, she was not troubled with or suffering from nervousness; that she had an operation performed about two years prior thereto consisting of the removal of a fallopian tube; that after such operation, for upward of a year prior to said injury, she had had no pain and trouble in and about her private parts, and her intestines and bowels were in a healthy condition. She had also prior to said injury a simple goiter.

"(5) That by reason of the said several premises she (the said plaintiff) then and there became and was severely wrenched, bruised, and strained; the ligament known as the pedicle, joining the left ovary to the broad ligament, was twisted; the circulation of the ovary was impeded, and the ovary became diseased, weakened, and the blood vessels thereof were ruptured, causing a clot of blood to form therein; that an adhesion of the left ovary with the intestines formed; that inflammation of the ovaries and intestines was set up, and the ovaries and intestines were inflamed, bruised, and wounded and injured, and she was greatly bruised and injured internally; that a miscarriage was caused, and her entire nervous system has been permanently weakened and injured, all of which produced and caused a great amount of pain and suffering; that ever since said fall as aforesaid, and as a result thereof, plaintiff has suffered, and will continue to suffer as long as she lives, great mental and physical pain, and has been deprived of the use of her mental faculties a great portion of the time, and has been incapacitated from any labor, and prevented from having any amusement, recreation, or pleasure, and has been confined to her bed a large amount of the time; that all of said injuries are permanent, and that she will continue to suffer great pain, mental and physical, as long as she lives, and will be incapacitated from performing any labor, and prevented from having any amusement, recreation, or pleasure as long as she may live, and will suffer in the future, as long as she lives, great bodily pain, great inconvenience, and annoyance."

The objections of counsel for defendant were that the declaration, as amended, presented a new cause of action, different from the cause presented by the original declaration, and from the notice filed with the city clerk, under the statute, and that the declaration, as amended, would

show on its face that no notice of the injuries claimed by such amendments was ever filed and served, as required by the statute.

The principal question, therefore, presented for consideration is whether, under the notice given to defendant, the extent of the injury, as far as the same had become known to plaintiff, was sufficiently stated and described to permit the introduction of the testimony upon the trial of the case, which, it is claimed by defendant, introduces and proves a distinct and different injury. The construction of this requirement of the statute has been several times before this court since its enactment in 1895. Defendant's contention is that the internal injury proved and the one described in the notice are not the same injury, and that, in that respect, the case is similar to the case of *Ridgeway* v. *City of Escanaba*, 154 Mich. 68 (117 N. W. 550), where this court said:

"This was not a notice that was defective upon its face, and the case must turn here, as it did in the trial court, upon the question of its containing a substantial statement of the extent of the injury, so far as it was known. It certainly misdescribes the injury. It states an injury that had not been suffered. There was no broken shoulder blade, nor was the shoulder dislocated, and there was no injury whatever to his right arm, shoulder, shoulder blade, or clavicle, the entire description of the injury must be discarded, and that would leave the notice wanting in any description of the injury actually suffered."

The injury proved in that case was a dislocated and broken collar bone upon the left side.

In the instant case there is no question raised as to a variance between the declaration, as originally filed, and the notice of the injury given to the defendant under the statute. The requirement of the statute material to this discussion relates to the notice which must be given within 60 days, and provides that the notice "shall set forth substantially * * * the extent of such injury, as far as the same has become known."

The injury in question was internal, and the notice,

after reciting a former operation, described the injury as follows:

"That the attachments formed after such operation were torn loose, and that she was severely and permanently injured internally, the extent of which is unknown to your petitioner at this time."

This injury, as described in the amended declaration, after statement of the former operation, was as follows:

"The ligament known as the pedicle, joining the left ovary to the broad ligament, was twisted. The circulation of the ovary was impeded, and the ovary became diseased and weakened, and the blood vessels thereof were ruptured, causing a clot of blood to form thereon; that an adhesion of the left ovary with the intestines was formed; that inflammation of the ovaries and intestines was set up, and the ovaries and intestines were inflamed, bruised, wounded, and injured."

In the cases where this court has discussed this statute, the inclination has been not to strictly construe it, and the attitude of the court toward it is expressed in *Ridgeway* v. *City of Escanaba, supra*, as follows:

"We have been inclined to favor a liberal construction of statutes requiring notices of claims, and have not denied relief when by any reasonable interpretation the notice could be said to be in substantial compliance with the statute."

In *Tattan* v. *City of Detroit*, 128 Mich. 650 (87 N. W. 894), the court said:

"This statute [city charter] is one in derogation of common right. It should not be construed with liberality against the right of an injured party to maintain an action against the city, but, on the other hand, should receive a reasonably strict construction"—

Citing with approval *Brown* v. *City of Owosso*, 126 Mich. 91 (85 N. W. 256), wherein it is said:

"This notice is not a pleading, and the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice,

especially in view of the evident intention that a substantial statement should be sufficient."

In the instant case, the notice described the nature of plaintiff's injuries, and that the attachments formed after a certain surgical operation had been torn loose; that she was severely and permanently injured internally, the extent of which was unknown to her at the time; and further that such injuries were permanent, and "that further developments might show other and different injuries than have so far become known." It is our opinion where, as in this case, the injury is internal and obscure, and its exact description could not be known at the time, the notice given was sufficient to permit the testimony claimed to be objectionable to be admitted, so far as it tended to prove this internal injury to be the cause of certain adhesions of the intestines and certain internal organs.

It cannot be disputed but that this injury is closely related in character to the injury set up in the notice, and it could not have been known, at the time of giving this notice, whether certain adhesions following a former operation had been torn asunder, or whether, by means of the claimed injury, adhesions had been caused in the same locality, all of which was disclosed by the operation subsequent to the injury. Upon the question of the construction of provisions in municipal charters and statutes requiring notices of injury to be given, reference is had to the case of *Spear* v. *City of Westbrook*, 104 Me. 496 (72 Atl. 311, 20 L. R. A. [N. S.] 804), and notes.

This brings us to the proposition whether, under the circumstances, the court erred in permitting the amendments to the declaration which were asked by plaintiff. It is urged by defendant that these amendments introduced a new cause of action, and were therefore not permissible. Having disposed of defendant's contention that no statement of the injury was included in the statutory notice given, contrary to such contention, it follows that the amendments allowed did not introduce a new cause of

action, and were permissible, under the general statute of amendments, in so far as they were within our construction of the notice given. The court, in granting these amendments to the declaration, recognized the fact that it might be a matter of surprise to defendant, and ordered a continuance for two weeks.

Error is assigned upon the refusal of the court to charge, as requested by defendant, that, from the undisputed facts in the case, plaintiff was guilty of contributory negligence. We think that the question of contributory negligence of plaintiff was a disputed question of fact to be determined by the jury.

After the close of defendant's case, a physician was sworn in rebuttal on the part of plaintiff. He was examined at great length, both on direct and cross-examination; such examination covering many pages of the record. Part of this was over the objection and exception of defendant; but it was all admitted and allowed to stand. Briefly stated, it appears, from the examination of this witness, his testimony tended to show that there were former adhesions existing at the time of the injury claimed, and that the fall tore them apart. During the colloquy between counsel and the court, while this witness was testifying, the court said that he would finally rule upon the objections made by defendant in his charge to the jury, and at the time counsel for defendant said to the court:

"We want to know, by the ruling of the court, upon what theory the testimony is to be admitted, upon which branch."

The court charged the jury that plaintiff, having made no claim for damages on account of the aggravation of the pre-existing conditions, said:

"Therefore, if you find from the proofs that the ovary and bowels were in fact diseased before the accident, and the accident itself augmented, aggravated, or made their diseased condition worse, then there can be no recovery on account of these injuries, even though you should find

that they resulted from the fall on the defective sidewalk, as plaintiff claims"—

And further charged that if the jury found that plaintiff's internal organs had recovered from the effects of prior disease and operation, and were in a normal condition, so far as disease or adhesions to the bowels were concerned, and found that the fall on the sidewalk was the cause of the diseased condition of the organs, as described, then this condition and all resulting pain are traceable to the accident itself.    And the court further charged:

"You will also recall that Dr. Inches' testimony to the effect that plaintiff's fall on the sidewalk may have torn loose adhesions between the organs which had formed before the accident as a result of the Toledo operation. It is my conclusion that this evidence is not competent under the pleadings.    The plaintiff's theory of this case is based upon the proposition that after the Toledo operation plaintiff's ovary and bowels became normal, and whatever adhesions between the organs had formed were the direct result of the accident, and not in existence at the time of the accident.    And you will confine your deliberations to the evidence that may tend to show this theory."

Special questions were submitted to the jury, two of which were as follows:    "Were the adhesions existing when plaintiff fell?" and "Were the adhesions torn loose by the fall?"    Each was answered in the negative.

Upon the charge of the court to the jury, above quoted, error is assigned, based upon the contention that the above questions, whether adhesions existed at the time of the fall of plaintiff or were caused by the claimed injury, having been submitted by the court to the jury, the testimony of this physician was material; and striking it out and instructing the jury to consider only plaintiff's theory was prejudicial error.    In holding that the testimony of Dr. Inches was not admissible and should not be considered, and charging the jury that it should not be taken into consideration by them, practically all evidence on the part of defendant, which tended to show that ad-

hesions existing before this injury were torn loose by the fall, was eliminated from the case, and the jury was charged to confine its deliberations to the evidence that might tend to prove plaintiff's theory. This is certainly inconsistent, and cannot be reconciled with the submission of the two special questions above quoted, and with that portion of the charge to the jury that there could be no recovery on the ground of injuries which aggravated or augmented an existing condition. Such holding, on the part of the court, was erroneous. This evidence, which was taken by the court from the consideration of the jury, was incompetent as a basis for damages under the amended declaration, but was competent for the purposes we have indicated.

Two physicians (Dr. Burtless of Port Huron and Dr. Angus McLean of Detroit), witnesses on the part of plaintiff, were allowed to testify relative to an operation performed on plaintiff to remove a movable coccyx. All this testimony was admitted over the objection and exception of defendant that it was incompetent under the pleadings. Both witnesses testified that the condition was not caused by the fall on the sidewalk. It was given at great length, and described the suffering attending the condition and the operation in detail. This testimony was allowed to remain in the case during the whole trial, until the charge by the court to the jury, when a brief instruction was given not to consider this testimony relative to an injured coccyx, or the operation, as an element of damage, because it was incompetent. It is the contention of the defendant that the admission of this testimony was erroneous and prejudicial; that the jury was liable to be prejudiced against defendant and increase the damages. It must have been apparent to court and counsel for plaintiff, during the taking of this testimony, that it was inadmissible under the pleadings, and that, from the statement of both witnesses, the injury to the coccyx was not caused by the fall upon the sidewalk, and that defendant's

173 MICH.—41.

objection should have been sustained, and all this testimony excluded. We do not determine that this was reversible error; but, as the judgment must be reversed for other reasons, upon a new trial all testimony upon this subject must be excluded. Other errors assigned will not require discussion.

The judgment of the circuit court is reversed, and a new trial ordered.

STEERE, C. J., and MOORE, BROOKE, STONE, and OSTRANDER, JJ., concurred. KUHN and BIRD, JJ., did not sit.