Argued March 27, decided April 8, 1913.

**GUILD v. PORTLAND RY. L. & P. CO.**

(131 Pac. 310.)

**Trial—Instructions—Request to Charge—Refusal.**

1. Where, in an action for injuries to a street car passenger while alighting, the court, after stating the issues, charged that the burden of establishing the allegations of the complaint was on plaintiff, that she must prove them by a preponderance of the testimony, showing how the accident occurred, the way she was injured, and the amount of damages, and that if the scales preponderated plaintiff's way, even though slightly, she was entitled to recover, but if not defendant was entitled to a verdict, it was not error to refuse to charge that, before the jury could allow plaintiff any damages for injuries to her person, they must be satisfied by a preponderance of the evidence, not only that plaintiff was injured, but that the injuries resulted from and were caused by the accident, and that the jury could not allow plaintiff any sum for permanent injuries, unless they were

·reasonably certain from a preponderance of the evidence that she had sustained a permanent disability.

**Appeal and Error—Instructions—Review—Evidence.**

2. The court may refuse to review the denial of a request to charge that the evidence failed to show that plaintiff had sustained a permanent injury, where all of the testimony had not been reported in the transcript.

**Damages—Personal Injuries—Permanent Injury—Surgical Operation.**

3. Where plaintiff suffered a hernia as the result of a fall from one of defendant's street cars while alighting, the fact that the condition might be cured by a surgical operation, and that plaintiff had not submitted thereto, did not warrant an instruction that the injury was not permanent, and that plaintiff could not recover as for a permanent injury.

**Damages—Personal Injury—Aggravation of Previous Injury— Pleading.**

4. Plaintiff had suffered a surgical operation, but the incision had healed, and had given no trouble for six years, at the time she fell from defendant's street car and sustained a hernia at the point where the incision had been previously made. Held, that such facts did not necessarily lead to the conclusion that the hernia was a mere aggravation to a previous injury, and hence defendant was not entitled to an instruction that she could not recover therefor, because the injury was not so pleaded.

From Multnomah: HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Rosa B. Guild against the Portland Railway, Light & Power Company. The substance of the complaint in this action is that the plaintiff was a passenger on one of defendant's cars, and while she was in the act of alighting at her destination, after the car had stopped, the defendant's servants negligently started it with a sudden jerk, without giving her any warning or reasonable opportunity to get off, whereby she was thrown to the ground and injured. She is said to have suffered lacerations and bruises and serious disarrange-

ment both of her uterus and spinal column, together with an abdominal hernia, so that her intestines protruded.

Aside from the corporate character and business of the defendant, and the fact that plaintiff met with an accident in connection with one of its street cars, the answer denies the entire complaint, and charges upon the plaintiff contributory negligence, in that she undertook to get off the car while it was still in motion.

The reply traversed the answer. The trial resulted in a judgment for the plaintiff, from which the defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Rufus A. Leiter.*

For respondent there was a brief over the names of *Messrs. Graham, Davis & Young,* with oral arguments by *Mr. Wilfred E. Farrell* and *Mr. Thomas J. Cleeton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It is disclosed by the testimony that about six years prior to the accident upon which this action is based the plaintiff underwent an operation designed to adjust her womb, which had become displaced on account of troubles experienced at childbirth. To effect the rectification of that organ, it was necessary to make an incision about the median line of the abdomen just above the pubic bone. The cut was sewed up, and healed successfully, giving no trouble to the plaintiff until after the accident complained of. The principal injury described in the testimony was the hernia already mentioned, which came through the inner fasciæ of the abdomen, and made its external appearance under the skin at the cicatrix resulting from the wound of operation. One element of plaintiff's claim against the defendant was for permanent injury. It is contended by the defendant that,

because the plaintiff had not taken surgical measures as she might have to reduce and cure the hernia, the injury was not permanent, and hence she could not recover for it under an allegation of that kind. The general trend of the medical testimony at the trial was to the effect that the hernia could be cured by replacing the intestines and sewing up the aperture through which they had escaped.

1. The defendant assigns but four errors, all predicated upon the refusal of the trial court to give certain instructions asked for by the defendant, three of which will be here considered and quoted:

"It is alleged in plaintiff's complaint that by reason of this accident she has been permanently injured and disabled in various parts of her body and person. In this connection I instruct you that, before you would be warranted in allowing the plaintiff any damages for any alleged injuries to her person, you must be satisfied from a preponderance of the evidence not only that the plaintiff is injured in the respects charged, but also that the injuries claimed by her resulted from and were caused by this accident."

"It is alleged in plaintiff's complaint that she has been permanently injured by reason of this accident. In this connection I instruct you that, if you should come to the question of damages, you cannot allow the plaintiff any sum by way of compensation for any alleged permanent injury, unless you are reasonably certain from a preponderance of the evidence that she has sustained permanent injury and disability. It is not enough that you may believe from the evidence that a permanent injury is possible."

"It is alleged in plaintiff's complaint that she has been permanently injured by reason of this accident, but I instruct you that the evidence fails to show that she has sustained any permanent injury, and I therefore instruct you that, if you come to the question of damages, you cannot allow any sum by way of compensation for permanent injury."

No objections were urged against the charge of the court as given. Turning to the instructions given to the jury by the court as reported in the record, we find that the judge stated the issues in substantially the verbiage of the pleadings, and then used this language:

"Now the burden of establishing all these things that the plaintiff has alleged in her complaint is upon her, and she must so establish them to your satisfaction by a preponderance or outweighing of the testimony—that is, she must prove by a preponderance of the testimony all of the material things she alleges in her complaint, namely, the way the accident occurred, the way the injury came to her and the amount of damage she has sustained thereby—all of these things are solely for your determination and you alone."

After likening the estimation of the effect of testimony to the weighing of the same upon scales, he said:

"So, then, as to the allegations in the complaint here, the material ones of which I have spoken, if the scales preponderate the plaintiff's way even though slight, she has established by a preponderance of the evidence the things which she has alleged, and is entitled to a recovery. If she has not, then the defendant is entitled to a verdict in this case."

Taken in connection with his recitation of the pleadings, these utterances of the judge state fairly the conditions upon which alone the plaintiff can recover, together with the alternative that she must fail if she does not meet those conditions.

2. As to the third request above quoted, we might well affirm the circuit court in refusing it because it does not appear by the bill of exceptions that all the testimony has been reported to us; but, in addition to that, the fact that the plaintiff experienced a hernia to the extent that her bowels protruded through the inner layers of the abdominal wall is sufficient to go to the jury as tending to show a permanent injury, although she had

not yet undertaken the experiment of an operation to cure the same.

3. All will agree that if she had actually experienced a hernia, and it were left to itself, the injury would be permanent; and we cannot say as a matter of law that the trial judge should have so far discounted the effect of a yet unperformed operation as to say to the jury that the evidence did not show any indication of permanent injury.

4. The remaining error complained of was the refusal of the defendant's following request to instruct the jury:

"I instruct you that, if you should come to the question of damages, you can only allow the plaintiff compensation for such injury as you believe from a preponderance of the evidence she has sustained by reason of this accident, and, if you find and believe from the evidence that the accident merely aggravated or rendered worse plaintiff's former injuries as a result of certain operations performed upon her prior to the accident, then you cannot allow the plaintiff any sum by way of compensation for any aggravation of her previous condition, for the reason that it is not alleged in plaintiff's complaint that any former infirmity has been aggravated or rendered worse by reason of this accident."

In support of this instruction the defendant cites *Maynard* v. *Oregon R. R. Co.*, 46 Or. 15 (78 Pac. 983: 68 L. R. A. 477), holding, in effect, that in an action for personal injuries plaintiff cannot recover for a mere aggravation of a previously received injury without alleging such aggravation in the complaint. With the doctrine of that decision when applied to a proper case we have no dispute. We may concede that the wound of operation made by the surgeon was such an injury which if it was in existence at the time of the street car accident complained of might be aggravated by that casualty, but there is no evidence that the trauma of the surgeon's knife persisted to the time of the accident. All the evidence was that the healing process of nature had put

an end to that injury, so that it was no longer in being to be aggravated. It may be, too, that the incision, although healed up, predisposed the plaintiff to hernia in that region of her person; but one having such a physical idiosyncrasy is as much entitled to travel upon the trains of a carrier as one who is sound of body. The negligent injury of one who is weak and incapacitated in person is as culpable as any other ill usage. In brief, the evidence does not disclose the present continuance of any former injury which could be aggravated so as to bring the case within the rule announced in the Maynard case.

If, notwithstanding the surgical incision had healed, and had given no trouble for six years, it is to be taken into account as an abiding injury of which the plaintiff's fall from the car was an aggravation, so as to exclude her present hurt from our consideration because not pleaded as such aggravation instead of an original damage, then by a parity of reasoning, we must consider the present hernia a permanent injury, although it possibly might be cured by a surgical operation. In other words, if successful surgery will not in fact obliterate an injury in one case, we cannot hold as a matter of law that a possibly successful operation would destroy its permanency in another case.

The judgment of the circuit court is affirmed.

AFFIRMED.