DOROTHY FRIEDLER *vs.* KARL M. HEKELER.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

It is permissible, within the limits of sound judicial discretion, for a witness to make physical demonstration before the jury of alleged muscular limitations in an injured person.

Where such demonstration amounts only to the use of the injured person as an exhibit to display some relevant fact or condition

already testified to, whose existence or nonexistence is apparent
on inspection, no oath is required of such injured person; but
where the demonstration is carried to the point of using' such
person as a witness to prove the truth of a material and disputed
fact by inarticulate muscular contractions instead of by words,
it ought to be conducted under the sanction of an oath.

While assignments of error as to rulings on evidence must refer to and
be supported by a finding made in accordance with § 5 of the rules
of this court Practice Book, p. 266), and cannot be supported by
the printed record of testimony brought before this court on ap-
peal from the denial of the motion to set aside the verdict, yet
this court when asked by an appellant to examine all the testimony
on such appeal will use the information so acquired to supplement
a manifestly incomplete finding in support of a ruling on evidence.

The evidence examined and *held* sufficient to support a verdict for
the plaintiff in an action for damages for personal injuries.

Argued January 20th—decided February 21st, 1921.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligent operation
of an automobile owned and driven by the defendant,
brought to the Superior Court in New Haven County
and tried to the jury before *Hinman, J.;* verdict and
judgment for the plaintiff for $3,200, and appeal by
the defendant. *No error.*

The plaintiff offered evidence to prove that the
defendant drove his automobile through Hurlburt
Street in New Haven at a rate of between twenty and
twenty-five miles an hour, while looking at the numbers
on the houses in search of No. 8, where he intended
to deliver merchandise; that two small children ran
across in front of his automobile, and that the defend-
ant turned his head to admonish them, and that while
doing so and continuing to drive his car at a high rate
of speed along the street he struck and injured the
plaintiff, a child of about five and one half years of age.
The negligence alleged was in driving the car at a
greater speed than was reasonable under all the cir-
cumstances, and in failing to keep a proper lookout.
The defendant appeals from the denial of the motions

to set aside the verdict as excessive and as against the evidence, and for errors in the admission of evidence.

*Prentice W. Chase,* for the appellant (defendant).

*Benjamin Slade,* with whom was *Harry L. Edlin,* for the appellee (plaintiff).

BEACH, J.   The motion to set aside the verdict as against the evidence was properly denied.   Defendant's claim is that the plaintiff darted suddenly and unexpectedly in front of the car, but on this issue the evidence is conflicting, and the jury might reasonably have found that the plaintiff and two other children were playing together within the defendant's vision as he drove down the street, and that after two of them had run across in front of his car he ought to have looked to see whether the other one would follow.

The motion to set aside the verdict as excessive was also properly denied.   The plaintiff's injuries were severe, and there was evidence of permanent facial disfigurement.   The jury saw the plaintiff and, being properly instructed, their estimate of what amount of money would fairly compensate a girl of that age for that permanent disfigurement, must stand.   It does not appear from the record that the verdict was so excessive as to indicate that the jury were controlled by passion, prejudice, partiality, or corruption.

The evidence of the witness Halprin, as to the distance within which a Ford car could be stopped if moving at ten, eight, or five miles an hour, was properly admitted.   Defendant's car was a Ford delivery wagon, and he claimed that he was keeping a proper lookout and driving it under full control at a rate not exceeding five miles an hour.

The only other assignment of error is that the court

erred "in permitting the plaintiff's attorney to exhibit the plaintiff before the jury and question her and direct her, she not being under oath and incapable of taking oath." The finding shows that the incident occurred while a physician was on the witness-stand testifying as to the extent and character of the plaintiff's injuries. He had already testified, in substance, that the scar above her left eye tended to pull the eyelid upward so that the lid did not cover the eye completely, especially during sleep; but added that the child could close her eye with forcible constriction fairly well. Thereupon the plaintiff's counsel called the little girl to him and asked her to show the jury to what extent she could close her eye, and the following objection was made: "If the court pleases, we don't object to the witness demonstrating the injuries, but we object to the counsel questioning the child." After some discussion the objection was overruled and an exception noted. It will be observed that the assignment of error is broader than the objection made. The mere exhibition of the plaintiff before the jury was not objected to, but only the questioning of the plaintiff by counsel, or, at most, the fact that the demonstration was conducted by counsel instead of being conducted by the expert witness who was then testifying.

The physical demonstration before the jury of alleged muscular limitations is permissible within the limits of sound judicial discretion. When the demonstration amounts only to the use of the injured party as an exhibit to display some relevant fact or condition already testified to, whose existence or nonexistence is apparent on inspection, no oath is required. But where the demonstration is carried to the point of using the injured party as a witness to prove the truth of a material and disputed fact by inarticulate muscu-

lar contractions instead of by words, it ought to be conducted under the sanction of an oath. Where, as in this case, it may be doubted whether the injured party is a competent witness, the necessary sanction may be provided by causing the demonstration to be conducted by a properly qualified witness, who thus makes it a part of his own testimony.

In the present case no disputed fact appears to have been subjected to the test of demonstration. The physician had just testified that the child could close her eye fairly well when asked to do so, and she was then asked to do it. Presumably she did so. As the record gives us no information on that point, we may assume, in aid of the ruling, that the performance by the child amounted to no more than the exhibition of a fact already testified to and apparent on inspection, namely, that the child could close her eye.

But if we take the other view, and assume that it had an evidential value due to the conduct of the child herself, she being too young to understand the nature of an oath, we think the demonstration may be regarded as a part of the physician's testimony and under the sanction of his oath. It was claimed and admitted on that ground, and properly so, for if the child's conduct before the jury did not correspond with the physician's testimony as to her physical capacity, the insincerity of her performance could have been developed on his cross-examination.

There is one other aspect of this matter which deserves comment, and it involves an application of the rules of this court to the special facts presented by the evidence. The appellant has brought all the testimony before us on appeal from the denial of the motion to set aside the verdict; and, on reading the testimony at the appellant's invitation, we learn that the finding which we have just discussed is incomplete, in that it

omits to disclose the fact that immediately after the offending ruling was made the trial court suggested that it would be better to let the doctor demonstrate, and thereupon the doctor took the child in hand, and without further objection proceeded to demonstrate her control over the muscles of her eye. If, therefore, it be assumed that the original performance was evidential and not under oath, any error in failing to direct the jury to disregard it was cured by the immediate repetition of the same performance under oath and without objection.

In this connection we repeat, what we have often said, that we will not look into the printed record of testimony to see whether the trial court has erred in a ruling on evidence; that assignments of error for rulings on evidence must refer to and be supported by a finding made in accordance with § 5 of the rules of this court (Practice Book, 1908, p. 266); and that in the preparation of such findings both court and counsel should take care to include all facts necessary to a proper understanding of the legal effect of the ruling.

On the other hand, when the appellant himself has asked us to examine all the testimony on an appeal from the denial of the motion to set aside the verdict, we must in common fairness be at liberty to use the information thus acquired in supplementing a manifestly incomplete finding.

There is no error.

In this opinion the other judges concurred.