Morris Samuels, Respondent, v. New York Railways Corporation, Appellant.

First Department, May 10, 1929.

*W. J. Sheils* of counsel [*Ambrose Clogher* with him on the brief; *Henry J. Smith*, attorney], for the appellant.

*George F. Hickey* of counsel [*Fred P. Harrington* and *Charles Breitbart* with him on the brief; *Breitbart & Breitbart*, attorneys], for the respondent.

McAvoy, J. Plaintiff recovered a judgment upon a verdict of $10,000 in an action for personal injuries. The suit was brought by a passenger against a carrier to recover these damages, because of alleged negligence of the defendant's servants. The main point presented by defendant is that the trial court erroneously admitted evidence on behalf of the plaintiff to prove damages which did not immediately flow from his injuries, and which were neither alleged in the complaint nor set out in the bill of particulars. Defendant also claims that the verdict was excessive and against the weight of the evidence.

Plaintiff states that he was injured in this manner: He was at the northwest corner of the intersection of Fiftieth street and Sixth avenue in the city of New York, where he waited for a street car about a minute. A closed car, coming south, stopped. A man got off the front, and a woman boarded the rear in front of plaintiff. He took hold of the iron bar and put his right foot on the step, and, as he was about ready to put his left foot on, the car gave a pull and started to go. He was thrown off the step, but held on, and the car dragged him six or seven feet. He " let loose " and fell on his left arm on the pavement. He hurt his elbow, left arm, shoulder, head, and the left-hand side of his head.

He has a case which, if believed, indicates negligence on the part of the servants of the railroad in starting the car while a passenger was boarding it at a regular stopping place; and the resultant injuries, if the evidence with respect to the same is credited, warranted a large verdict.

The main physical injuries were those to his arm and shoulder. He said that his head felt weak and that he felt pain for some weeks; that he returned to the hospital for rubbing treatment,

which continued for five weeks thereafter. He did not work for twelve weeks, and felt dizzy, and finally went back and worked three or four hours a day for a year, until he dissolved the partnership in which he was engaged. Since then he has not done anything.

Four years before the accident plaintiff suffered from " sleeping sickness," but he recovered in three months and returned to business. He said on the trial that he himself did not recognize the condition he now was in as similar to that which had previously affected him. A physician, however, testified that he had treated him before for the " sleeping sickness; " that the condition had returned, and that he was now suffering from what is termed Parkinson Disease, or Parkinson Syndrome.

It was moved by the defendant, when this evidence was received, to strike it out, on the ground that there was nothing in the pleadings, bill of particulars, or in any other notice to the defendant, which gave it an indication that plaintiff intended to prove that a latent condition existed which had been revived and aggravated because of the injury. It was claimed by plaintiff that this was provable under an allegation that plaintiff had a shock to his nerves and nervous system, and that the result of the shock was the condition from which he was now suffering. The court refused to strike out this proof, of plaintiff suffering from sleeping sickness, and it was an element of damage which the jury undoubtedly considered, as the other injuries would not warrant a verdict for $10,000. Neither the complaint nor the bill of particulars set forth any statement of specific injury upon which it would be competent to admit proof of the so-called " sleeping sickness " as a damage element. The defendant had had no physical examination of the plaintiff, nor did it have any opportunity to introduce any testimony by medical experts on the question of whether or not " sleeping sickness " was competently brought about through the injury which plaintiff received at the time of the accident. The admission of such evidence was unwarranted by the pleadings, not specified as an element of damage in the bill of particulars, and without notice to the defendant of an intent to make such proof, gave it no opportunity of contradicting, explaining or minimizing the evidence, and its reception was, therefore, erroneous. One who seeks to recover damages for consequences which do not necessarily or immediately flow from the injury must allege the special damages which he seeks to recover.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.