ALICE V. BALDWIN *vs.* THOMAS ROBERTSON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 6th—decided May 3d, 1934.

*Samuel Campner,* with whom, on the brief, was *Daniel Pouzzner,* for the appellant (defendant).

*John Keogh,* with whom was *Robert M. Wolfe, Jr.,* for the appellee (plaintiff).

AVERY, J.   In this case, after a trial to the jury, a verdict was returned in favor of the plaintiff which the defendant moved to set aside as against the evidence. On this appeal, error is assigned by the defendant in the action of the trial court in refusing to set aside the verdict; also in refusing to instruct the jury as requested by the defendant, in the instructions as given, and that in consequence the verdict was excessive.   The accident occurred July 1st, 1932, on Connecticut Turnpike in Norwalk near the corner of Glenwood Avenue.   At the trial, the defendant ad-

mitted that he was the owner and driver of the automobile, and that a collision had occurred between it and the plaintiff. From the evidence offered, the jury might reasonably have found, in addition, that the plaintiff, a girl nine years of age, was walking in a westerly direction along the shoulder of Connecticut Turnpike, and not on the concrete part, and that the defendant was traveling in the same direction in the fourth or most northerly traffic panel, and close to the shoulder. The defendant had an unobstructed vision for a long distance directly in front of the car which he was driving, and there were no automobiles traveling in an easterly direction or passing the defendant in the same direction. When struck, the plaintiff was walking upon the shoulder of the road. The defendant did not see her until after he had struck her, and after the collision there was blood on the right front fender of his automobile, threads of hair on the windshield button on the right side of it, fresh scratches and dents on the right front fender, the right parking light and bracket were bent and twisted, and there was a large dent on the front part of the right rear fender. After striking the plaintiff, the defendant continued a distance of about two hundred and fifty feet before he stopped his car. The collision occurred about four p. m.; the weather was clear and the road dry. If the jury believed these to be the facts, it might reasonably have concluded that the defendant was negligent in failing to see the plaintiff walking along ahead of him in plain view upon the right-hand shoulder of the highway, and in driving out upon the shoulder and striking her under the circumstances, and that the plaintiff was in the exercise of due care. Upon the evidence in the case, the question of the defendant's negligence and the plaintiff's freedom from contribu-

tory negligence was plainly one for the jury, and the court did not err in refusing to set aside the verdict.

In the course of its instructions to the jury, the court, in referring to the testimony of a witness, used this language: "This witness, Dietrich, as I recall it, says he was on the other side of the road some four hundred and fifty feet away; that he saw the girl walking westward on the dirt shoulder of the road; saw the defendant's car overtake her traveling in the north lane and strike her as it passed." Error is assigned in this instruction but no ground is stated. From the brief, however, it appears that the real objection of the defendant to this statement of the court is that it unfairly states the testimony of the witness, and thereby may have misled the jury as to what the witness really said. The finding is entirely inadequate to present this claim of error. Even if we turn to the transcript of the testimony which the appellant has brought before us in connection with the motion to set the verdict aside, we find that the court was in fact quoting the witness with substantial accuracy, the witness having stated that he saw the fender strike the child; afterward, on cross-examination, he modified his statement by saying that he would not say that it was the fender, but he saw the side of the car strike her.

The defendant requested the court to charge the jury that they should not award damages for any claim of the plaintiff that she would, as the result of the accident, suffer epilepsy in the future, such an injury not being reasonably comprehended in the complaint. The court did not so instruct the jury, but in referring to the medical evidence stated that "Another plaintiff's doctor has said that she has suffered a permanent brain injury, and, in reasonable probability will suffer from epileptic seizures." Error is

assigned in the action of the court in so charging, and in refusing to give the instructions requested upon this subject. While, as a general rule, if recovery is sought for consequences which do not necessarily and immediately flow from the injury, the damages therefor are known as special and cannot be recovered unless alleged in the complaint or specified in a bill of particulars, yet, if the allegations of special damage are definite enough to apprise the adverse party of the probable evidence which will be introduced and enable him to prepare his defense, they will be deemed sufficient. 17 C. J. 1004; 8 R.C.L. 612; *Kane* v. *New Idea Realty Co.,* 104 Conn. 508, 510, 133 Atl. 686; *Tomlinson* v. *Derby,* 43 Conn. 562, 567; *Cordner* v. *Hall,* 84 Conn. 117, 120, 79 Atl. 55; *Brzezinski* v. *Tierney,* 60 Conn. 55, 56, 22 Atl. 486; *Currelli* v. *Jackson,* 77 Conn. 115, 123, 58 Atl. 762; *Skaling* v. *Sheedy,* 101 Conn. 545, 552, 126 Atl. 721.

Upon the facts of this case, epileptic seizures would be a manifestation of the injury to the brain and the loss of brain functioning which is alleged, and evidence of them served only to characterize and indicate the extent of the injuries alleged. *Kane* v. *New Idea Realty Co., supra,* 512. In the complaint, among other elements of damage, it was alleged that she received fractures and concussion of the skull, and injury to and concussion of the brain; that she received a severe brain and nervous shock and suffers severe physical pain and mental anguish; has partially lost speech and memory and brain functioning; and that the skull and brain injuries are permanent. The finding is that the plaintiff offered evidence to prove and claimed to have proved that she received a compound comminuted fracture of the back part of the skull with a substantial loss of brain substance, and by reason of the accident, she had partially lost the power of locomotion

and articulation, the use of her arm and hand, and her facial expression had changed. She was confined to the hospital for sixty-one days, during the earlier part of which time she suffered from convulsions, paralysis, jerky movements and epileptic seizures. The loss of brain matter cannot be restored, and there is permanent damage to the motor area of the brain. She will never be a normal person, and there is reasonable probability of epileptic seizures in the future. The evidence as to the probability of epilepsy came in without objection at the trial.

With regard to the claim that the damages were excessive, little need be said. This claim is based entirely on the allegedly improper inclusion, under the charge, of the probability of future epileptic seizures, and is disposed of by our holding that upon the record this element of damage was not inadmissible.

There is no error.

In this opinion the other judges concurred.