JOHN FLOOD v. SIBLEY C. SMITH

A. BROOKS BROWN v. SIBLEY C. SMITH

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided June 5, 1940.

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole* and *A. W. Firestone,* for the appellants (plaintiffs).

*Richard F. Berry,* with whom, on the brief, was *Joseph F. Berry,* for the appellee (defendant).

MALTBIE, C. J.   In these actions for recovery of damages for personal injuries suffered in an automobile accident, tried together, the jury returned verdicts that the plaintiff Flood recover $3500 and the plaintiff Brown $4100.   Upon motions to set aside the verdicts, the court found them excessive and in the first ordered that the verdict be set aside unless the plaintiff should file a remittitur of $1275, and in the second that the verdict be set aside unless the plaintiff should file a remittitur of $2027.   The plaintiffs have appealed.

In Flood's case the jury might reasonably have found the following facts: He was about twenty-eight years of age at the time of the accident.   Some two years before the occurrence in question he had been

injured in another automobile accident, suffering a fracture of the skull and an impairment of his nervous system, but at the time of the accident now in question he had substantially recovered from his previous injuries. He also had a diseased thyroid gland, which would normally affect his nervous system, make him more sensitive nervously, and tend to aggravate the results of such an injury as he suffered. The accident now in question resulted in a fracture of the shoulder blade without displacement, a back strain and shock. He remained in bed about a week and a half, then was up and around for six and a half weeks, after which he returned to his employment as a gardener at a school for the deaf, but the work he did was largely supervisory. He was not, after the accident and up to the time of the trial, more than a year and a half later, able to do heavy work such as he could do before the accident. He continued to have pain in his back and shoulder in damp weather and to be nervous, restless and irritable; he suffered from nervous indigestion, and he was unable to sleep normally. His nervous condition up to the time of the trial had prevented him from entering into normal activities with others such as attending church, entertainments, and the like. The prognosis was that he would get better, but how long it would take fully to recover is uncertain. His special damages amounted to about $425.

In the case of the plaintiff Brown, the jury could reasonably have found the following facts: She was unable by reason of her physical and mental condition to testify in court; she was a woman some seventy years of age; her profession was that of a library cataloguer; and she was a woman of education and refinement. She had, previous to the accident, suf-

fered two nervous breakdowns and the removal of a cancerous breast. About five months before the accident, she had left a convalescent home where she had been undergoing treatment for a nervous condition. However, just before the accident she was on the road to a complete recovery and was in good physical condition for a woman of her age, although at times nervous; she went about a great deal by herself on shopping errands and the like. She suffered in the accident extensive bruises and a severe nervous shock. These bruises extended over the area where the breast had been removed and caused her anxiety lest she suffer a recurrence of the cancer. She suffered great pain, could not sleep well and for some weeks required much nursing at night. Since the accident she has been steadily declining, physically and mentally, has become very weak, is mentally irritable, and one witness testified that there seemed to be "a general break-up of her system, physically and mentally." Her special damages were at least $470.

The plaintiffs are entitled to recover full compensation for all damage proximately resulting from the defendant's negligence, even though their injuries are more serious than they would otherwise have been because of pre-existing physical or nervous conditions. *Purcell* v. *St. Paul City Ry. Co.*, 48 Minn. 134, 139, 50 N. W. 1034; *Baltimore City Pass. Ry. Co.* v. *Kemp*, 61 Md. 74, 81; 15 Am. Jur. 488; and see *Rinaldi* v. *Prudential Ins. Co.*, 118 Conn. 419, 424, 172 Atl. 777; *Ganter* v. *MacKay*, 120 Conn. 691, 692, 180 Atl. 310. Bearing that principle in mind, we must hold that while the damages awarded by the jury were, in both cases, large, they were not so clearly excessive as to justify the trial court in refusing to cause judgment to be entered upon the verdicts as rendered.

There is error in both cases; and they are remanded with direction to enter judgments upon the verdicts.

In this opinion the other judges concurred.