HILMA VARLEY ET AL. *v.* JOSEPH MOTYL ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 8—decided July 15, 1952

*A. Arthur Giddon,* with whom were *Morton E. Cole* and, on the brief, *Cyril Cole,* for the appellant (plaintiff John Varley) and the appellee (named plaintiff).

*Joseph P. Cooney,* with whom, on the brief, were *Jerome T. Malliet* and *Henry F. Cooney,* for the appellants (defendants).

JENNINGS, J.  This is an action for personal injuries, allegedly sustained by the plaintiffs on

December 25, 1945, when their automobile, which had stopped in a line of traffic, was negligently bumped from the rear by the defendants' car. The first count is for damages claimed by the plaintiff Hilma, who was a passenger. The second is for those claimed by her husband, the plaintiff John, who was the driver and owner of the car. The jury rendered a verdict for Hilma for $5000, and for John for $10,000. Upon his failure to file a remittitur of $3750 under the court's order, the verdict in his favor was set aside and he has appealed. The defendants have filed a bill of exceptions upon John's appeal and have appealed from the judgment in favor of the plaintiff Hilma.

The plaintiff Hilma claimed to have proved that she was fifty-four years of age, that she sustained painful and permanent injuries when forcibly thrown from her seat by the impact, and that her principal permanent injury was to her lower back. One of the defendants' claims of proof was that she "was suffering from a chronic sacroiliac arthritis of long duration which appeared in X-ray films taken four days after the accident." In dealing with the question of her injuries the court made no reference to this claim of the defendants. On the contrary, the court charged that she would be entitled to be compensated for what she would fairly be expected to suffer from her permanent condition, in so far as that was proved, for the period of her life expectancy. Upon the conclusion of the charge the defendants' counsel took exception to the omission. No further instructions on this point were given. Particularly in view of the defendants' timely objection, the jury should have been cautioned that the plaintiff Hilma should not be compensated for suffering or incapacity attributable to a pre-existing chronic arthritic

condition of her back. The court's failure to give this caution constituted reversible error.

John Varley appeals on the ground that the trial court should not have ordered a remittitur but should have entered judgment on the verdict. The court did not question his serious physical condition but concluded that it was not due to the accident and that the jury were swayed by sympathy for him and also were punishing the defendants for claiming, on the basis of testimony which the jury did not believe, that the accident was caused by a third car.

The jury could reasonably have found that John was sixty-one years old at the time of the occurrence. He had brought up three sons, all married. He had worked for nineteen years at the Bond Hotel and, in 1941, went to work for Pratt and Whitney in West Hartford, where he operated a turret lathe. His wages were about $46 per week. With the exception of a pulled ligament when he was working for the Bond, he had never before had an accident. He had had a heart attack in 1940 and a slight one in 1942. When his car was struck from the rear his head snapped back, his hat flew off and his feet came off the pedals. His chest struck the steering wheel. He stayed at the scene for about an hour trying to get the cars apart. It was raining hard and he became chilled. His back and neck were injured and a week later he was taken to the hospital because of pneumonia and heart trouble, later diagnosed as a coronary thrombosis. He was out of work for ten weeks at that time. His neck and back bothered him for about a year. His heart pains continued to the date of trial. The history of his employment since the accident has been of starting on his old job but being forced to quit in April, 1947, because of his physical condition and then seeking lighter and

lighter work. His search was in vain for a period of one year and nine months. At the time of trial, he was working as a part-time watchman, four hours a night, for $50 a month. His injuries were caused by the accident. He was advised by his doctor to retire. His and his wife's bills due to the accident, including loss of his wages to the date of trial, amounted to about $5000.

The real question on this phase of the case, as noted by the trial court, was whether John's admittedly serious condition and his consequent loss of earning power were the result of the accident. There was direct evidence that this was so. It was a question of fact. Once it was established, it could not be said that the verdict was excessive. "The question of damages in personal injury cases, especially in these times of changing values, is always a difficult one. *Prosser* v. *Richman,* 133 Conn. 253, 256, 50 A.2d 85. Assessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant." *Slabinski* v. *Dix,* 138 Conn. 625, 629, 88 A.2d 115. In *Horvath* v. *Tontini,* 126 Conn. 462, 11 A.2d 846, the issue was liability rather than damages, but the relative spheres of court and jury were clearly defined. In that case, as in the case at bar, the trial court said that the jury must have been swayed by sympathy or other improper motives. In ordering judgment on the verdict, this court said (p. 464): "Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should

have been reached." Judgment should have been entered on the verdict unless there was reversible error on the defendants' bill of exceptions.

The first exception complains of the court's charge concerning the effect of John's pre-existing heart condition. Since the bill of exceptions contains no sufficient statement of facts setting forth the parties' claims of proof, consideration of this question is precluded. Practice Book § 410, Form No. 563; Maltbie, Conn. App. Proc., § 85. The other exception concerns a single ruling upon evidence relating to John's heart condition. His attorney in the course of his examination of John asked: "And your heart condition since this accident, will you tell us up to the present time has it been better or worse than it was prior to the accident?" Counsel for the defendants objected, stating: "There is no claim in the complaint of an aggravation of a pre-existing heart condition. . . . At no time in this complaint did Mr. Cole ever disclose that his client had a pre-existing heart condition which he claimed was aggravated by the accident." To this John's counsel replied that he did not so claim, "because the man had no trouble with his heart with the exception of a mild attack three years before and the attack in 1940. Other than that he had no heart condition." The court allowed the question and John answered: "Worse than it was before." The only material allegation in the complaint is that the injuries sustained in the accident "affected and injured his heart." The importance of determining whether or not, in the absence of any allegation thereof in the complaint, John was entitled to prove that the pre-existing diseased condition of his heart was aggravated by the accident is clear.

Whether the court erred in admitting this evidence

depends upon the answer to the question whether the allegation in the complaint that the accident affected and injured John's heart lays a proper foundation for evidence of the aggravation of a pre-existing heart condition. The admissibility of this evidence has been argued as though the only question was whether the damage claimed was special, requiring a specific allegation, or general. Ordinarily, such things as loss of earnings, doctors' and hospital bills are referred to as special damages. Since they do not necessarily follow an injury, the defendant is entitled to notice of them by a special allegation. *Tomlinson* v. *Derby,* 43 Conn. 562, 567. An injury to the heart, for example, does not necessarily follow an accident either. John therefore properly alleged injury to his heart as special damage. The question is not between special and general damages. It is whether the complaint containing this allegation gave sufficient notice of the type of injury which would be claimed. *Smith & Egge Mfg. Co.* v. *Webster,* 87 Conn. 74, 83, 86 A. 763; *Baldwin* v. *Robertson,* 118 Conn. 431, 435, 172 A. 859.

There is authority for the defendants' position that the aggravation of a pre-existing condition must be specially alleged. *Littman* v. *Bell Telephone Co.,* 315 Pa. 370, 380, 172 A. 687; *Samuels* v. *New York Rys. Corporation,* 226 App. Div. 94, 96, 234 N.Y.S. 377. In most of the states, evidence offered under circumstances similar to those in the case at bar is admitted. *St. Louis Trust Co.* v. *Murmann,* 90 Mo. App. 555, 559; *Leingang* v. *Geller, Ward & Hasner Hardware Co.,* 335 Mo. 549, 556, 73 S.W.2d 256; *Conrad* v. *Shuford,* 174 N.C. 719, 720, 94 S.E. 424; *Wadell* v. *Public Service Coordinated Transport,* 3 N.J. Super. 132, 135, 65 A.2d 766; *Virginia Ry. & Power Co.* v. *Hubbard,* 120 Va. 664, 669, 91 S.E. 618;

*Frick* v. *Washington Water Power Co.*, 76 Wash. 12, 13, 135 P. 470. As is well pointed out in the dissent in this case, the complaint does not conform to good pleading. We hold, however, that the allegation that the defendants' negligence "affected and injured" John's heart was sufficient notice of a claim of aggravation of a pre-existing heart ailment. On the practical side it may be noted that few if any hearts are perfect after beating sixty-one years. It may be true that the defendants did not appreciate the fact that the injury to the heart alleged in the complaint might appear in evidence to be an injury in the nature of an aggravation of a pre-existing condition. They at least were fairly apprised that such might be the evidence and if they felt that the allegation was at all ambiguous they were privileged to move for a more specific statement.

There is error on the appeal of John Varley and the case is remanded with direction to enter judgment on the verdict. There is error on the defendants' appeal in the case of Hilma Varley, the judgment is set aside and the case remanded for a new trial.

In this opinion INGLIS and O'SULLIVAN, Js., concurred.

BROWN, C. J. (dissenting). While I agree that there was error in the case of Hilma Varley, I disagree with the majority view that there was error in the case of John Varley, calling for the restoration of the verdict and judgment thereon for him. It is my conclusion that the court committed reversible error in that case, as claimed by the defendants' bill of exceptions, in allowing John, hereinafter called the plaintiff, to testify to aggravation of a pre-existing heart condition as an element of damage and that, in

consequence, by setting aside the verdict it reached the correct result.

The majority opinion correctly sets forth the ruling on evidence in question and the sole pertinent allegation of the complaint under which the evidence was offered. While the finding does not show specifically what the plaintiff's pre-existing heart condition was, his counsel's statement as to his two previous attacks suggests that it was of long standing and originated with a relatively serious attack. The evidence printed in connection with the appeal from the decision setting aside the verdict shows these further pertinent facts: The plaintiff had a severe coronary thrombosis in 1940 which confined him to his bed for many weeks and another less severe attack in 1942. Doctors Parsley and Freeman attended him. Thereafter he had had pain many times, and for relief he constantly carried nitroglycerin tablets. I supplement the finding with these facts, which appear upon the undisputed evidence. See *Friedler* v. *Hekeler*, 96 Conn. 29, 34, 112 A. 651; *Finnegan* v. *LaFontaine*, 122 Conn. 561, 564, 191 A. 337; Maltbie, Conn. App. Proc., § 73, p. 102. Dr. Friedberg, the only physician called by the plaintiff, testified that he had never seen him prior to the accident. He stated that the plaintiff had a "cardiac decomposition" after the coronary thrombosis which followed the accident, but that he had no way of knowing whether any part of it was connected with the thrombosis of 1940. His was the sole expert testimony on the plaintiff's heart injury. The record further indicates that the lack of any allegation in the complaint of "aggravation" may well have resulted in the defendants' failure to call Doctors Parsley and Freeman to bring out what part of the plaintiff's heart condition was not attributable to the

accident. In view of these facts, it sufficiently appears that the court's ruling could have led to an award by the jury which was substantially in excess of just damages.

The situation recited above makes clear the importance of determining whether or not, in the absence of any allegation thereof in the complaint, the plaintiff was entitled to prove that the pre-existing diseased condition of his heart was aggravated by the accident. There is no question that the words in the complaint "affected and injured his heart" constitute an allegation of special damage, for, as the majority opinion points out, such an injury does not necessarily follow from an accident. However, no more does it necessarily follow from the fact that this was an allegation of special damage that it was a sufficient allegation of the peculiar kind of special damage which the plaintiff sought to prove by the question objected to. That damage was something over and beyond any which was fairly described or indicated by the allegation quoted. Proof of the existence or the nonexistence of such aggravation, and, in case it was established, proof as to what part of the plaintiff's resulting heart condition was due to pre-existing decomposition and what part was caused by the accident, necessarily must depend upon qualified expert testimony. Therefore, if aggravation was to be claimed as an element of damage, it was peculiarly important that the defendants be so informed by a sufficient allegation in the complaint.

The controlling rule of law in this jurisdiction as to the necessity and manner of pleading special damage and the reasons for it are succinctly stated in *Tomlinson* v. *Derby,* 43 Conn. 562. As we there say at page 566, in this state "we still adhere closely

to the technical rule of the common law, that where the damages are special the matter must be distinctly averred in the declaration in order to apprise the defendant of the nature of the claim." As we further say at page 567, with reference to the need and the nature of the averments so required, "[i]t is difficult to lay down any general rule by which to determine when the law implies the damage and when it does not. It would seem however that *when the consequences of an injury are peculiar to the circumstances and condition of the injured party,* the law could not imply the damage simply from the act causing the injury" (italics supplied). By the same token, the law cannot imply "aggravation of a pre-existing heart condition" simply from the fact that the plaintiff's heart was "affected and injured." That this is so is emphasized by our further statement in the *Tomlinson* case (p. 567) that "the sole object of the rule that requires special damage to be averred is to advise the defendant of the claim." The factual situation which existed in the instant case cogently illustrates how well founded is this reason for the rule. It is hard to conceive of a more apt and accurate description of the situation of this plaintiff than that stated in the words which I have italicized. The principles enunciated in the *Tomlinson* case have been reaffirmed by numerous subsequent decisions. *Cordner* v. *Hall,* 84 Conn. 117, 120, 79 A. 55; *Smith & Egge Mfg. Co.* v. *Webster,* 87 Conn. 74, 83, 86 A. 763; *Baldwin* v. *Robertson,* 118 Conn. 431, 435, 172 A. 859; *Rusch* v. *Cox,* 130 Conn. 26, 33, 31 A.2d 457.

While we have not ruled upon the precise question here presented, whether the complaint gives the defendant fair and proper notice is the controlling factor and this must be determined upon the situa-

tion in each case. "[T]he question whether the complaint sufficiently gives notice of the damages awarded must in each case be determined with reference to the character of the wrong complained of, and with some regard to the reason of the rule, which is to prevent a surprise upon the defendant." *Smith & Egge Mfg. Co.* v. *Webster,* supra. The allegations of injury sustained by both plaintiffs are identical, except that in John's complaint injury to "heart and lungs" is substituted for injury to "shoulder" and "abdomen" in Hilma's. With this qualification, the injuries alleged as to each would seem to include about all of the ills to which flesh could be heir in consequence of such an accident. The anatomical afflictions are enumerated ad nauseam and, as the record discloses, with but slight regard to what the evidence actually tended to prove. These ills of the plaintiffs are set forth in such detail that, as counsel well observed in argument, a motion for a "less" rather than a "more" specific statement would have to be utilized to ascertain what the plaintiffs' injuries really were.

This type of pleading, which might well be termed a common counts for negligence actions, is not designed to give the defendant the information to which he is entitled in order to prepare his defense properly. It is violative of the purpose and spirit of our rules of practice. It tends to needless trouble not only for opposing counsel but for the court as well. Allegations of personal injuries in a tort case should be confined to an honest and fair statement of what the attorney has reason to believe he can offer evidence to prove and ought not to omit the allegation of material factors as to damage upon which he expects to rely. The evil of a departure from these precepts relative to the claimed heart

injury of the plaintiff John is accentuated by the five years' delay between accident and trial and the further fact that the only doctor called on behalf of the plaintiff to testify to his heart condition had never seen him prior to the accident and had no way of knowing whether any part of the condition was connected with heart attacks suffered prior to the accident. Furthermore, not only did the plaintiff fail to produce either of the doctors who had attended him during his previous attacks but he offered no explanation of his failure to do so. I therefore conclude that, under the decisions referred to above, the plaintiff, to recover for the aggravation of his heart condition, was bound to allege it in his complaint in order to prevent unfair surprise to the defendants. For the reasons explained above, the principle that a defendant injuring a plaintiff takes him as he finds him (*Flood* v. *Smith,* 126 Conn. 644, 647, 13 A.2d 677) is not of controlling significance in the present case, and the court erred in admitting the evidence.

While there is a conflict of authority upon the question whether aggravation of a pre-existing condition must be alleged to permit recovery for it, very substantial authority supports the conclusion which I have reached. *Littman* v. *Bell Telephone Co.,* 315 Pa. 370, 380, 172 A. 687; *Whitlock* v. *Mungiven,* 36 R.I. 386, 388, 90 A. 756; *Samuels* v. *New York Rys. Corporation,* 226 App. Div. 94, 96, 234 N.Y.S. 377; *Salmi* v. *Columbia & N.R.R. Co.,* 75 Ore. 200, 208, 146 P. 819; *May* v. *Hexter,* 226 S.W.2d 383, 388 (St. Louis Ct. App.); *Fuller* v. *Mayor of Jackson,* 92 Mich. 197, 199, 52 N.W. 1075; *Guild* v. *Portland Ry., Light & Power Co.,* 64 Ore. 570, 575, 131 P. 310; *Hayes* v. *St. Clair,* 173 Mich. 631, 641, 139 N.W. 1037. It is my conclusion that the court's

error entitles the defendants to a new trial in John's case and that, inasmuch as this result is accomplished by its ruling setting aside the verdict, it should be held that there is no error upon the plaintiff John's appeal.

In this opinion BALDWIN, J., concurred.