TROFAMINA D. DeFELICE ET AL. *v.* BARBERINO RENTAL CORPORATION ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 4—decided December 6, 1968

*Philip R. Shiff,* with whom, on the brief, was *Alan H. W. Shiff,* for the appellants (defendants).

*Benedict S. Moss,* with whom, on the brief, was *William F. Gallagher,* for the appellees (plaintiffs).

RYAN, J. On February 28, 1961, the plaintiff Salvatore DeFelice was operating an automobile owned by the plaintiff Trofamina D. DeFelice, and occupied by her as a passenger, in a westerly direction on Chapel Street in New Haven, when it was struck by a car which was owned by the defendant Barberino Rental Corporation and was being operated by the defendant Linda L. Gold. The plaintiffs brought this action to recover for injuries which they claim to have sustained as a result of the collision. Liability was admitted by both defendants, and the case was tried to the jury solely on the issue of damages. The jury returned a verdict for each of the plaintiffs against both defendants, and the defendants have appealed from the judgment rendered on the verdicts. The defendants assign error (1) in the refusal of the trial court to charge in accordance with certain requests to charge submitted by them; (2) in certain rulings on evidence; and (3) in refusing to set aside the verdicts as excessive.

The charge is tested by the claims of proof in the finding. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 424, 216 A.2d 818; *Shay* v. *St. Raphael Hospital,* 152 Conn. 604, 605, 210 A.2d 664; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 494, 208 A.2d 748. The plaintiff Salvatore DeFelice made the following claims of proof concerning an injury to his left kidney: On March 1, 1961, the day following the accident, his back was sore, he had difficulty passing urine, and he noticed that it was pink in color. On March 2, he consulted a physician who examined him and referred him to Dr. Hyman Levin for examination of his kidney. Upon Dr. Levin's recommendation, Salvatore entered St. Raphael Hospital on March

13, 1961, for a urological checkup. As a result of a cystoscopic examination performed at the hospital, Dr. Levin was of the opinion that Salvatore had sustained a contusion of his left kidney which was evidenced by swelling of the left ureter and the presence of bacteria in the urine attributed to the left kidney as a result of the accident. Salvatore had passed blood in his urine before this accident and had been treated for kidney trouble in 1959 and 1960, but the prior kidney condition involved only the right kidney. He experienced soreness in his back until the end of June, 1961. The soreness then disappeared, and he had no further trouble with either his back or his kidney. Concerning Salvatore's left kidney injury, the defendants made the following claims of proof: Cystoscopic and retrograde pyelographic examination of Salvatore's kidneys performed at St. Raphael Hospital showed no pathology. Examination of the left kidney showed no signs of gross injury, and its function was normal. Salvatore had kidney trouble prior to the accident. Any kidney trouble experienced by him after the accident was attributable to his preexisting kidney condition. An inflammation of the left ureter, as reported by Dr. Levin, could have been caused by the passage of gravel through the ureter.

The plaintiff Trofamina D. DeFelice alleged in her complaint that as a result of the accident she suffered an injury to the dorsal and lumbosacral areas of the back. Dr. Irving Alderman administered physical therapy treatments to her neck and to the dorsal and lumbosacral areas of her spine from March 17, 1961, to August 23, 1961. His bill for such treatments was $555. Her neck was entirely better by the end of May or early in June, 1961. As of the time of trial, she still had occasional

trouble with her back in bad weather. The defendants claim to have proved that the entire examination of Trofamina's lower back by Dr. Charles Skreczko was negative except for a sacralization at the fifth lumbar vertebra on the right, which was a congenital condition. She had low back pains prior to the accident.

The defendants, citing *Varley* v. *Motyl,* 139 Conn. 128, 90 A.2d 869, requested the court to charge the jury as follows: "In your consideration of the question of what damages should be awarded to either plaintiff, you should have in mind the evidence presented as to each plaintiff's condition of health before the occurrence of the collision here involved. You must not award any damages to either plaintiff for any pain, suffering, disability or expense, which you find was due to, or resulted from, a physical condition or physical defect which the plaintiff had before the collision here involved and was not caused by this collision."

The court did not charge as requested and failed to give the jury any instruction concerning the defendants' claim that each of the plaintiffs had a preexisting physical condition in an area of the body concerning which each of them alleged that injuries were suffered as a result of the collision. Under the defendants' claims of proof, each of the plaintiffs had a preexisting condition which required consideration by the jury. Neither plaintiff claimed that his injuries were more serious than they otherwise would have been because of any preexisting condition. Under the circumstances, the failure of the court to charge in accordance with the defendants' request constituted error. *Fleischer* v. *Kregelstein,* 150 Conn. 158, 161, 187 A.2d 241; *Varley* v. *Motyl,* supra, 130.

Since this determination is dispositive of the appeal, it is unnecessary to discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered limited, as was the first trial, to the question of damages.

In this opinion the other judges concurred.