EUGENE A. RUDA *v.* ROBERT J. MCKINSTRY, SR., ET AL.

HOUSE, C. J., COTTER, THIM, RYAN and SHAPIRO, Js.

Argued October 8, 1971—decided January 26, 1972

*James H. W. Conklin II,* for the appellants (defendants).

*Thomas L. Brayton,* for the appellee (plaintiff).

RYAN, J. This is a negligence action for personal injuries alleged to have been incurred when the automobile operated by the plaintiff was struck from the rear by a car driven by the defendant, Robert J. McKinstry, Jr. The car was owned by the defendant Robert J. McKinstry, Sr., and was being operated by his son as a family car. The defendants admitted liability and the only issue before the jury was the question of damages. The jury returned a verdict for the plaintiff to recover the sum of $6000

from the defendants. The trial court denied the defendants' motion to set aside the verdict and from the judgment rendered thereon the defendants have appealed to this court.

The defendants assign error in certain portions of the trial court's charge to the jury, on the ground that the court assumed the existence of an aggravation of a preexisting injury when such aggravation was a matter in dispute on the evidence as presented. A court may not pass on contraverted issues of fact by using an instruction which affirmatively states as true a matter that is in dispute. *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798; *Frechette* v. *New Haven,* 104 Conn. 83, 93, 132 A. 467; *Carney* v. *DeWees,* 136 Conn. 256, 264, 70 A.2d 142. In the case at bar the plaintiff alleged in the complaint that he suffered "[a]ctivation of a preexisting dormant, asymptomatic, hypertrophic condition of the cervical spine." The court, after instructing the jury that the plaintiff can be compensated only for such injuries as they found were proximately caused by the accident, then directed the jury's attention to the plaintiff's claim of aggravation of a previously existing condition. The pertinent language used by the court is as follows: "There has been testimony in this case with regard to a pre-existing arthritic condition of the plaintiff's. That is to say that this condition existed before the accident and as far as the arthritis at that point was concerned, had no connection with the accident. Then there had been testimony that this accident in effect, made this arthritic condition more serious and more painful." The court was merely discussing the evidence and did not at any time assume the fact that there had been an aggravation of a preexisting condition. The defendants also assign error

on the ground that the court failed to instruct the jury that if they found aggravation they could compensate the plaintiff only for such aggravation and not for the underlying injury or condition. An examination of the court's instructions indicates that there was adequate direction for the jury to distinguish between a noncompensable, preexisting condition and the aggravation of such a condition proximately resulting from the accident, which is a proper element of damages. Cf. *DeFelice* v. *Barberino Rental Corporation,* 157 Conn. 231, 234, 253 A.2d 37; *Fleischer* v. *Kregelstein,* 150 Conn. 158, 161, 187 A.2d 241. We are satisfied that the trial court presented the issue of damages to the jury in such a way that injustice was not done to either party. *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 320, 240 A.2d 881; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818.

The defendants also attack the court's instruction to the jury that the defendants had denied in their answer four paragraphs of the plaintiff's complaint concerning injuries and damages sustained by the plaintiff, when, in reality, the defendants had pleaded that they had no information sufficient to form a belief and, therefore, left the plaintiff to his proof. The ground of the exception was that it put the defendants "in a position of denying something that was so obviously correct." The defendants urge that they were prejudiced in the eyes of the jury in consequence of this. "Every material allegation in any pleading which is not denied by the adverse party shall be deemed to be admitted, unless he avers that he has not any knowledge or information thereof sufficient to form a belief." Practice Book § 83. The pleading of no knowledge or information to these allegations was, in effect, a denial. *Postem-*

*ski* v. *Watrous,* 151 Conn. 183, 185, 195 A.2d 425; *Lyon* v. *Wilcox,* 98 Conn. 393, 397, 119 A. 361. There was no error in the court's charge.

The remaining assignment of error is the defendants' claim that the trial court erred in refusing to set aside the verdict for $6000 as excessive. There was evidence from which the jury could find the following facts: The plaintiff, a man seventy-four years of age, sustained a whiplash injury of the neck and back which was superimposed on a preexisting arthritis. Such an injury will cause a flare-up of the arthritic condition. He was treated by his family physician from February 23, 1968, until April, 1969, a period of fourteen months. At that time he still had pain in his neck and low back. At the time of trial, twenty-two months after the accident, he continued to use hot packs on his back and had his back rubbed with liniment, which treatments were administered by his wife. He did this to avoid running up doctors' bills. An orthopedic surgeon who examined the plaintiff on behalf of the defendant on July 8, 1969, found that the plaintiff suffered a cervical strain and a low back strain as a consequence of the accident. He agreed with the plaintiff's physician that this injury was superimposed on a preexisting arthritic condition. He testified that the plaintiff's condition was still resolving seventeen months after the accident. The plaintiff's hospital, medical and drug bills, together with the property damages to his car, totaled $549.51. While the special damages are small, the jury were entitled to believe that the plaintiff made every effort to limit his medical expenses.

In determining whether or not the award was excessive we must bear in mind that the weight to be accorded to testimony is a matter for the jury,

and the assessment of damages is peculiarly within their province. *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 81, 245 A.2d 129. The basic question is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. *McKirdy* v. *Cascio,* 142 Conn. 80, 86, 111 A.2d 555. The action of the trial court is not to be disturbed unless it abused its legal discretion and, in determining this, great weight should be given to the action of the trial court and every reasonable presumption should be given in favor of its correctness. *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714.

In the case at bar the jury reasonably could have concluded that the plaintiff suffered a great deal of pain and disability over an appreciable period of time, in that the injury to a man of his years was more painful and disabling than it would have been to a younger person. Although the verdict was liberal, we cannot hold as a matter of law that the award does not fall within the necessarily uncertain limits of just damages.

There is no error.

In this opinion the other judges concurred.