SECOND EXETER CORPORATION *v.*
HAROLD EPSTEIN ET AL.
(3789)

DALY, BIELUCH and COVELLO, Js.

Argued September 18—decision released October 22, 1985

*Richard P. Weinstein,* with whom, on the brief, was
*Ronald T. Murphy,* for the appellant (plaintiff).

*Dean W. Baker,* for the appellees (defendants).

BIELUCH, J. This appeal arises out of the trial court's
judgment for the defendants in an action for money
due on a lease of telephone equipment. The trial court
held that the plaintiff, as collection agent for the les-
sor, First National Bank of Boston, did not have stand-
ing to sue the defendants in its own name. We agree.

Paragraph one of the plaintiff's revised complaint
alleged that: "The plaintiff, Second Exeter Corpora-
tion, is a Massachusetts corporation authorized to do

business in the State of Connecticut, and is the lawful collection agent for the First National Bank of Boston and is acting in that capacity in regard to the instant matter." In response to that allegation, the defendants answered that they were without sufficient information as to the allegation contained in this paragraph of the complaint and left the plaintiff to its proof.[1] The trial court concluded that the plaintiff could not sue the defendants in its own name as it was merely an agent and not an assignee of the claim sought to be collected. The court rendered judgment for the defendants and the plaintiff has appealed, claiming that the court erred (1) in holding that the defendants were not required to raise the issue of the plaintiff's capacity to sue by way of a special defense, and (2) in concluding that a collection agent cannot sue in its own name on behalf of its principal.

With regard to the plaintiff's first claim of error, Practice Book § 160 provides that "[i]f the defendant intends to controvert the right of the plaintiff to sue . . . in any . . . representative capacity, . . . he shall *deny the same in his answer specifically.*" (Emphasis added.) Practice Book Form 105.4 further demonstrates that the proper way to dispute a party's representative capacity is to state that "[t]he defendant *denies* that the plaintiff is . . . [the representative of the true party in interest]." (Emphasis added.)

Further, Practice Book § 164 distinguishes between those cases where a special defense is required in contradistinction to those where a simple denial, whether general or specific, is sufficient. That rule provides in

---

[1] It should be noted that the trial court incorrectly characterized this response as a "general denial." A general denial, as exemplified by Practice Book Form 105.2, is a single simple statement in which the defendant denies all of the allegations of a complaint. In contrast, a specific or special denial speaks to a single allegation or a particular paragraph of the complaint.

pertinent part that in the answer "[f]acts which are consistent with [the allegations of the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged." That is the definition of a special or affirmative defense. Practice Book § 164 further states that "advantage may be taken, under a simple *denial,* of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon . . . ." (Emphasis added.) Read together, Practice Book §§ 160 and 164 make it clear that a defendant should controvert the plaintiff's alleged representative capacity by denying specifically such allegation or the particular paragraph of the complaint in which it is contained. It is the latter which was done in this case by the defendants.

The defendants specifically denied the paragraph of the complaint which contained the plaintiff's allegation of capacity to sue. Practice Book § 129 provides that allegations in a pleading are deemed to be admitted unless denied by the adverse party or "unless he avers that he has not any knowledge or information thereof sufficient to form a belief." "The pleading of no knowledge or information to these allegations is in effect a denial." *Postemski* v. *Watrous,* 151 Conn. 183, 185, 195 A.2d 425 (1963); see also *Ruda* v. *McKinstry,* 162 Conn. 268, 271, 294 A.2d 318 (1972).

As to the second claim of error, the plaintiff argues that as a collection agent it had a fiduciary duty to its principal analogous to the duty of a trustee to the beneficiary of a trust. Consequently, the plaintiff argues that like a trustee, whose duty provides him with standing to sue in his representative capacity, the collection agent's accountability should clothe him with a similar standing and authority.

This argument, however, is fatally flawed. The trustee's standing to sue arises out of its legal title to the

trust res. See *Palmer* v. *Hartford National Bank & Trust Co.,* 160 Conn. 415, 425, 279 A.2d 726 (1971). "The trustee has a title (generally legal title) to the trust property, usually has its possession and a right to continue in possession, and almost always has all the powers of management and control which are necessary to make the trust property productive and safe. Any wrongful interference with these interests of the normal trustee is therefore a wrong to the trustee and gives him a cause of action for redress or to prevent a continuance of the improper conduct. Although the beneficiary is adversely affected by such acts of a third person, no cause of action inures to him on that account." Bogert, Trusts and Trustees (2d Ed. Rev.) § 869, p. 87.

Similarly, the assignee of a chose in action may sue in his own name because he stands in the shoes of the assignor. *Leonard* v. *Bailwitz,* 148 Conn. 8, 13, 166 A.2d 451 (1960); *State* v. *Parker,* 112 Conn. 39, 51, 151 A. 325 (1930); *Wiser* v. *Clinton,* 82 Conn. 148, 152, 72 A. 928 (1909). Furthermore, the trustee of an express trust and an assignee of a chose in action have been given the statutory right to sue in their own respective capacities. General Statutes §§ 52-106, 52-118. We conclude that the plaintiff in the present case did not have standing to bring the present action.[2]

There is no error.

In this opinion the other judges concurred.

---

[2] Our conclusion is supported by the analogous situation of consumer collection agents who are expressly prohibited from suing on behalf of creditors in the case of consumer debts. General Statutes § 42-131 (a).