[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT OF STRICT FORECLOSURE
The plaintiff alleges that, in a foreclosure action with Docket No. CV90 0109659 S, American General Finance Inc. v. Alice Mitchell, et al., in this judicial district, a judgment of strict foreclosure had been granted in favor of the present plaintiff against the owner of the equity of redemption and certain subsequent encumbrances on the premises designated as Building 50, Unit No. 4J, Sheffield Ridge Condominium (formerly known as Galaxy Condominium) in Norwalk. The time limit for redemption has passed and title has vested in the present plaintiff as of March 1, 1991.
The plaintiff further alleges that on September 1, 1990, a former owner of the premises had entered into a written lease with the present defendants, Frantz Mathisen and Mary Mathisen, for a term ending on August 31, 1992. The plaintiff seeks a strict foreclosure of the interest these defendants have in the premises.
It appears that these defendants were not named in the original foreclosure action.
The plaintiff claims to be acting under the provisions of Connecticut General Statutes, Section 49-30:
 Omission of parties in foreclosure actions. When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby CT Page 10083 as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title.
The procedure followed by the plaintiff to foreclose these defendants' interest in the property is correct.
The defendants filed an answer admitting the allegations concerning their leasehold interest but claiming no information sufficient to form a believe and leaving the plaintiff to its proof concerning allegations of the mortgage note and deed for and of the subject premises and the strict foreclosure of that mortgage with title in the plaintiff.
The defendants also filed four special defenses to this action. These special defenses have been stricken.
The plaintiff has now filed a motion for judgment of strict foreclosure.
The pleading of no knowledge or information to allegations is, in effect, a denial. This is true even if it puts the defendants "in a position of denying something that was so obviously correct." Ruda v. McKinstry, 268, 271, A.2d (1972); Second Exeter Corporation v. Epstein, 5 Conn. App. 427, 429, 499 A.2d 429 (1985).
Because these defendants have not been defaulted nor the issues raised by their answer resolved, the motion filed by the plaintiff is premature. The matter must be set down for an evidentiary trial or for other disposition of the pleadings' issues before the court can determine if the defendants' interest in the property should be foreclosed.
The motion is therefore denied without prejudice.
NIGRO, J.