[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#163)
After hearing held on plaintiff's motion to strike special defenses (first and second) of defendant-Surredi, it is hereby ORDERED: granted; for the following reasons:
". . . Practice Book Section 164 distinguishes between those cases where a special defense is required in contradistinction to those where a simple denial, whether general or specific, is sufficient." Second Exeter Corporation v. Epstein, 5 Conn. App. 427,428 (1985). "Facts which are consistent with [the plaintiff's allegations] but show, notwithstanding that he has no cause of action, must be specially alleged." P.B., Section 164. In essence, a special defense admits evidence consistent with a plaintiff's claim, "but nevertheless would tend to destroy the cause of action." Bernier v. National Fence Co., 176 Conn. 622,629 (1979).
The defendant's first and second special defenses do nothing to destroy the plaintiff's cause of action which is predicated on a claim of professional negligence by an attending physician. How the plaintiff Paul Michaud got himself into the physical condition as to which the defendant-Surredi was to provide care and treatment, is irrelevant. Joinder of the principal issues presented (i.e., whether the defendant breached the standard of care required of him once the plaintiff came into his care and the damages, if any, stemming therefrom) can be attained by simple denials.
GAFFNEY, J. CT Page 7843