[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#106)
The plaintiff, Citicorp Mortgage, Inc., alleges that in a prior foreclosure action, Citicorp v. Grechko, Docket #CV93-0063779S, in this judicial district, a judgment of strict foreclosure was entered in favor of the present plaintiff against the owners of the equity of redemption of the subject premises at 54 Litchfield Street in Torrington. The plaintiff alleges that law days commenced on March 14, 1994, the defendants did not redeem, CT Page 7262 and the premises vested absolutely in the plaintiff on March 16, 1994.
The plaintiff alleges that the present defendants, Travis 
Laurie Robinson, now claim an interest in the subject premises by virtue of their being tenants therein. The Robinsons were not named in the original foreclosure action. Pursuant to General Statutes § 49-30, the plaintiff now seeks a strict foreclosure of the interest that the Robinsons have in the premises.
General Statutes § 49-30 provides:
 Omission of parties in foreclosure actions. When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure, judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title.
General Statutes § 49-30
The procedure followed by the plaintiff to foreclose these defendants' interest in the property is correct. see [See] AmericanGeneral Finance v. Mathison, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket #116762 (November 4, 1991, Nigro, J.).
On May 24, 1994, defendant Travis Robinson, acting pro se, filed an appearance and an answer. The defendant denies knowledge of all allegations in the plaintiff's complaint. The defendant also asserts that on February 15, [1994], he was rented an apartment at the subject premises with no knowledge of the bank foreclosure.
The plaintiff has now moved for summary judgment on the ground CT Page 7263 that it is entitled to judgment as a matter of law. In support of its motion, the plaintiff has submitted a memorandum of law and two exhibits. The appearing defendant has not filed anything in opposition to the motion.
Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991). The party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980). A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Practice Book§ 380; Orenstein v. Old Buckingham Corporation, 205 Conn. 572,574, 534 A.2d 1172 (1987).
The plaintiff has not submitted an affidavit in support of its motion for summary judgment. The only attachments the plaintiff has offered in support of its motion are copies of the complaint and judgment in the previous action between the plaintiff and the Grechko's. However, as the plaintiff alleges in its current complaint, the Robinsons were not parties to that action. Moreover, the appearing defendant, Travis Robinson, has denied knowledge of the previous foreclosure. The pleading of no knowledge or information to allegations is, in effect, a denial. Second ExeterCorporation v. Epstein, 5 Conn. App. 427, 429, 499 A.2d 429 (1985).
The plaintiff has failed to present evidence showing the nonexistence of any material fact. Accordingly, the motion for summary judgment is denied.
PICKETT, J.