[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' STANDING OF AGENT TO REPRESENT REAL PARTY ININTEREST
Plaintiff Ownes [Owens], Renz and Lee Company, the property manager of the premises located at One Summit Place, Branford, Connecticut, has filed a two-count Amended Complaint seeking immediate possession of the subject premises from defendant Carbone's Deli. The first count states that One Summit Place Partners, Ltd., is the owner of the property. The first count further states that the plaintiff is the manager of the subject property and is authorized to bring this summary process action. This summary process action is based upon non-payment of rent and termination of lease due to lapse of time.
On September 2, 1994, the defendant filed a motion to dismiss the complaint on the ground that the plaintiff had no legal standing to issue a notice to quit or to commence this CT Page 12031 action. The motion to dismiss was denied on September 9, 1994, after a hearing conducted by Judge Mintz. The defendant now has filed a motion to strike both counts of the Amended Complaint. The defendant claims that the Amended Complaint is legally insufficient inasmuch as the plaintiff is neither landlord nor owner of the subject premises. Defendant's claim in this regard is undisputed. The plaintiff contends that since it is the owner's legal representative, it is authorized by General Statutes Sec. 47a-23 to issue the notice to quit, and, a fortiori, it is authorized to commence this action. The defendant argues that regardless of the authorization which the plaintiff received from the owner, it has no right to bring suit in its own name.
General Statutes Sec. 47a-23 states in pertinent part that
 [w]hen the owner or lessor or his legal representative, or his attorney-at-law or in-fact, desires to obtain possession or occupancy . . . such owner or lessor, or his legal representative, or his attorney-at-law, or in-fact shall give notice to each lessee or occupant to quit possession or occupancy. . . . [emphasis added.]
General Statutes Sec. 47a-23a provides that if the lessee or occupant fails to leave the premises within the time stated in the notice,
 . . . any commissioner of the superior court may issue a writ, summons and complaint in a civil process . . . set[ting] forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession of occupancy of the premises.
Implicit in any civil process or action is the requirement that the parties named therein have standing.
 "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of CT Page 12032 action, or a legal or equitable right, title or interest in the subject matter of the controversy."
Ardmare Construction co. v. Freedman, 191 Conn. 497, 501
(1983), citing Highland v. Ices, 28 Conn. Sup. 243, 245. See also F.P. Inc. v. Collegium Wethersfield Ltd.,33 Conn. App. 826, 830 (1994). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 346 (1990).
Section 3.15 of the Property management agreement between the plaintiff and One Summit Place Partners authorizes the plaintiff to "[s]ue on behalf of the owner, for rent and charges . . . and institute summary proceedings to recover spacein the premises." (Emphasis added.) The plaintiff claims that this provision provides the authorization for it to bring this case.
There are limited instances in which a party can sue in its own name on another party's behalf. One is the situation of a trustee of a trust. "The trustee has a title . . . to the trust property . . . and almost always has the powers of management and control which are necessary to make trust property productive and safe." Second Exeter Corporationv. Epstein, 5 Conn. App. 427, 430 (1985), citing Bogert, Trusts and Trustees (2d Ed. Rev.) Sec. 869, p. 87. Additionally, "[t]he assignee of a chose in action may sue in his own name because he stands in the shoes of the assignor." Mall v. LaBow, 33 Conn. App. 359, 362 (1993). These cases are the exception to the well established rule limiting judicial review to the individual or entity that directly has suffered injury or damage. See Yoney v.Hospital of St. Raphael, 7 C.S.C.R. 894 (July 10, 1992) in which then Judge (now Justice) Katz provided a litany of situations in which one entity, including a parent corporation, may not sue on behalf of another entity.
The facts in this case are analogous to the case ofSecond Executor Corp. v. Epstein, supra. In Second Executorcorp. the plaintiff, a collection agency, had been hired by a corporation to collect a debt owed to the corporation by the defendant. The collection agency sued, naming itself as plaintiff to recover the debt and claiming that it was CT Page 12033 authorized to do so by its principal, First National Bank of Boston. The Appellate Court affirmed the trial court's finding that the collection agency had no standing to sue in its own name. Id.
Based upon the foregoing authorities and reasoning, this Court finds that plaintiff Ownes [Owens], Renz, Lee Company does not have standing to bring or maintain the present action in its own name inasmuch as it is neither the statutorily authorized lessor or owner, nor is it otherwise the real party in interest. Accordingly, the defendant's motion to strike is granted.