[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #109
The plaintiff, Federal Home Loan Mortgage Corporation, commenced this action against the defendants, Jayson Roberts and Linda Roberts, to foreclose on a mortgage. The plaintiff's complaint alleges that by way of a note the defendants promised to pay the plaintiff $91,200 with interest, and that in order to secure this note, the defendants mortgaged to the plaintiff a parcel of land in Litchfield, Connecticut. The plaintiff claims that the defendants are presently in default under the note and mortgage, and, therefore, it seeks to foreclose the mortgage.
The defendant Jayson Roberts filed an answer to the complaint in which he pleaded no knowledge to the basic allegations of the complaint and left the plaintiff to its proof. The plaintiff filed a motion to strike this answer claiming that it was legally insufficient, since the defendant neither specially denied the allegations of the complaint he intended to controvert, nor generally denied the complaint. The court (Pickett, J.) denied the motion to strike.
The plaintiff now moves for summary judgment against the defendant Jayson Roberts on the same grounds that were raised in the prior motion to strike. In support of its motion, the plaintiff filed a memorandum of law and a copy of the answer. The defendant Jayson Roberts did not file any opposition to this motion.
"Practice Book § 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). CT Page 7512 "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Properties v. Colt's Mfg. Co., supra, 664. "Pleadings per se do not constitute documentary proof under Sec. 380." Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712,721, 539 A.2d 595 (1988). "Allegations of pleadings not admitted by a party are not proof of their contents. They merely set forth the cause of action and the issues of fact and law raised by the pleadings." Id.
Practice Book Sec. 129, which has remained unchanged since 1879, provides that "[e]very material allegation in any pleading which is not denied shall be deemed admitted, unless he avers that he has not any knowledge or information thereof sufficient to form a belief." "The pleading of no knowledge or information to these allegations is in effect a denial." (Internal quotation marks omitted.) Second Exeter Corp. v. Epstein, 5 Conn. App. 427, 429,499 A.2d 429 (1985) quoting Postemski v. Watrous, 151 Conn. 183,185, 195 A.2d 425 (1963); see also Ruda v. McKinstry, 162 Conn. 268,271, 294 A.2d 318 (1972). The defendant's answer is, in effect, a denial of the allegations of the complaint and, therefore, cannot serve as the basis of this summary judgment motion since it does not admit the allegations of the complaint.
Furthermore, the plaintiff did not submit any documentary proof in support of this motion other than a copy of the answer. The plaintiff failed to file an affidavit or other proper documentation showing that the defendant is now in default on the note and mortgage, thereby establishing liability. The plaintiff, therefore, has not met its burden of showing the nonexistence of any genuinely disputed fact.
For these reasons, the motion for summary judgment is denied.,151 Conn. 183, 185, 195 A.2d 425 (1963); see also Ruda v.McKinstry, 162 Conn. 268, 271, 294 A.2d 318 (1972). The defendant's answer is, in effect, a denial of the allegations of the complaint and, therefore, cannot serve as the basis of this summary judgment motion since it does not admit the allegations of the complaint.
Furthermore, the plaintiff did not submit any documentary proof in support of this motion other than a copy of the answer. The plaintiff failed to file an affidavit or other proper documentation showing that the defendant is now in default on the note and mortgage, thereby establishing liability. The plaintiff, CT Page 7513 therefore, has not met its burden of showing the nonexistence of any genuinely disputed fact.
For these reasons, the motion for summary judgment is denied.
PICKETT, J.