[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this action to collect balances due under certain notes and guarantees assigned to plaintiff, the defendant, Webster Bank moves to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiff, Princeton Capital Finance Company, L.L.C. ("Princeton Capital"), does not have standing to bring the present cause of action. The defendant asserts that Chemical Bank referred to as trustee in the Notice of Assignment is the trustee for the plaintiff; as such it is the only party that can bring this cause of action against the defendant.
The reference to Chemical Bank as trustee in the Notice of Assignment does not render Chemical Bank the only party enabled to bring this cause of action. The primary purpose of the Notice of Assignment is to establish that the plaintiff is the assignee of Marketechs, Inc.'s right to payments from the defendant, not to establish Chemical Bank as the trustee for the plaintiff It appears Chemical Bank acted as the collection agent for the plaintiff and merely served as a depository for the payments due and received by the plaintiff, as assignee of Marketechs, Inc.'s rights. As assignee, the plaintiff has standing to bring this cause of action. Second Exeter Corp. v. Epstein, 5 Conn. App. 427, 430,499 A.2d 429 (1985), cert. denied, 198 Conn. 802, 502 A.2d 932 (1986).
Motion to dismiss is denied.
 ___________________ Wagner, JTR