[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (MOTION NO. 102)
The following facts are alleged in the party memoranda. The plaintiff, Elementary School Building Committee of the Town of Fairfield, was established to plan, coordinate and supervise the construction of a new elementary school for the Town of Fairfield (town). The new school will replace McKinley Elementary School (McKinley), which was demolished about two years ago due to toxic mold. The students of McKinley have been transferred to other elementary schools within the town, and will remain in those schools until the new school (school) is complete. The site plan provides a specific location for the construction of a driveway leading up to the school, which requires the removal of a red oak tree. On behalf of the plaintiff, Turner Construction Company made an application to the defendant Kenneth Placko Tree Warden of the Town of Fairfield, requesting permission to remove the tree. The defendant held a hearing on the matter, and subsequently, denied the application. On November 15, 2002, the plaintiff commenced this action to appeal the defendant's decision. On December 20, 2002, the defendant moved to dismiss asserting that the plaintiff lacks standing.
In his motion, the defendant argues that the plaintiff lacks standing to sue because the town owns the property on which the tree stands, there is no statutory authority granting the plaintiff the power to sue in its own name, and it is not aggrieved. The plaintiff responds that it is the proper party to bring this action because it has statutory standing pursuant General Statutes § 23-59,[1] and that it is aggrieved by the defendant's decision denying its application to remove the tree.
Our Supreme Court holds that "in order to have standing to bring an administrative appeal, a person must be aggrieved . . . [T]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the CT Page 2472 concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) United Cable Television Service Corp. v. Dept.of Public Utility Control, 235 Conn. 334, 342-43, 663 A.2d 1011 (1995). "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal quotation marks omitted.) Isaac v. Mount Sinai Hospital, 3 Conn. App. 598,600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). A legal entity is "[a] body, other than a natural person, that can function legally, sue or be sued, and make decisions through agents." Black's Law Dictionary 903 (7th Ed. 1999). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Steeneck v. Universityof Bridgeport, 235 Conn. 572, 580, 668 A.2d 688 (1995).
Generally, "at law . . . [an] agent [has] no authority . . . to sue in his own name . . ." (Citation omitted.) Cragin Co., Inc. v.International S.S. Co., 15 F.2d 263, 264 (2d Cir.N.Y. 1926). "It is a general rule in agency principal law that an agent cannot maintain or defend an action in its own name on behalf of its principal." In reO'Dell, 251 B.R. 602, 615 n. 13 (Bankr.N.D.Ala. 2000). Furthermore, our Supreme Court holds that "the agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal." (Internal quotation marks omitted.) Rich-Taubman Associatesv. Commisioner of Revenue Services, 236 Conn. 613, 619, 674 A.2d 805
(1996). Similarly, just as an agent is not liable, or otherwise without the authority to be sued, "[a] plaintiff [can] not sue [a defendant] in its own name [where] it is merely an agent and not an assignee of the claim . . ." Second Exeter Corp. v. Epstein, 5 Conn. App. 427, 428,499 A.2d 429 (1985), cert. denied, 198 Conn. 802, 502 A.2d 932 (1986) (affirming trial court's conclusion). Specifically, in Second ExeterCorp. , the Appellate Court distinguished between a trustee, whose "standing to sue arises out of its legal title to the trust res" from a collection agent, who does not have standing to sue on behalf of a lessor. See id., 429-30. Similarly, "[p]arent corporations do not have standing to sue for harm to their subsidiaries (see, e.g., Quantel Corp.v. Niemuller, 771 F. Sup. 1361 (S.D.N.Y. 1991)); lenders do not have standing to sue for wrongs done to borrowers (see, e.g., Capital NationalBank of New York v. McDonald's Corporation, 625 F. Sup. 874 (S.D.N.Y. 1986)); depositors do not have standing to sue for injuries to their banks (see, e.g., In re Sunrise Securities Litigation, 916 F.2d 874 (3rd Cir. 1990)); officers and employees do not have standing to sue for wrongful activities directed against their employers (see e.g., CT Page 2473Midwestern Waffles, Inc. v. Waffle House, Inc., 734 F.2d 705 (11th Cir. 1984))." Yoney v. Hospital of St. Raphael, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 90 271006 (July 10, 1992, Katz, J.). In Yoney, the court reasoned that "[a]lthough in each case the plaintiff plainly had a strong interest in the outcome of the litigation, it did not have a legal right against the defendant — any duties owed by the defendants did not run to these plaintiffs and any injuries suffered by these plaintiffs were only indirect or incidental. These Connecticut cases are in accord with well established and broadly accepted legal principles." Id.
The plaintiff submits a copy of the charge issued by the town, stating in pertinent part: "An Elementary School Building Committee (ESBC) shall be established to plan, coordinate and supervise the location, siting, design and construction of a new elementary school for the Town of Fairfield."[2] (Plaintiff's memorandum, attachment.) The town charged the plaintiff with the authority to facilitate the school's construction on the town's behalf. General Statutes § 52-73 states: "Towns, societies, communities and corporations may prosecute and defend civil actions, may appoint agents to appear in their behalf and may employ attorneys in such actions." Although the town charges delegates certain authority, it does not appoint the plaintiff with power to sue on its behalf. To this end, one trial court held that "[i]n general, actions by a municipal corporation should be brought in its corporate name rather than in the name of its council or officers." East Windsor Board ofSelectmen v. East Windsor Planning Zoning Commission, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 98 0066290 (July 9, 1999, Klaczak, J.) (25 Conn.L.Rptr. 69, 70); see also 17 E. McQuillin, Municipal Corporations (3rd Ed. Rev. 1993) § 49.16, p. 249; 64A C.J.S., Municipal Corporations § 1943 (1999).
The plaintiff also argues that when the town charged it with the responsibility of planning, overseeing, and completing the construction of the school, it impliedly conferred the power to sue because such action is now required to complete the project.[3] The plaintiff, however, fails to submit any evidence establishing that the town authorized it to sue, or that such power is within the scope of authority granted by the town. "An agent cannot be presumed to do more than his duty requires of him." Reider v. Arthur Andersen, LLP, 47 Conn. Sup. 202,210, 784 A.2d 464 (2001). Moreover, the defendant submits an affidavit given by the town attorney stating that he is of the opinion that the plaintiff's action has been commenced without the authority of the town and in violation of the town's charter. (Defendant's memorandum, Exhibit D.) "Similarly, while the plaintiffs may be responsible for the control and maintenance of town-owned property, this does not provide them with CT Page 2474 the ability to sue in their names rather than the town's name in actions involving town property." East Windsor Board of Selectmen v. East WindsorPlanning Zoning Commission, supra, Superior Court, Docket No. CV 98 0066290, 25 Conn.L.Rptr. 69 ("According to the general rule, a mere agent, having only the care and oversight of real estate, cannot maintain an action in his own name relating to such property" (citing 3 C.J.S., Agency § 473 (1973)).
In short, the plaintiff fails to establish that it is a legal entity authorized to sue or be sued in its own name, or that it, rather than the town, is the proper party to bring this action.
Accordingly, the defendant's motion to dismiss is hereby granted.
RUSH, J.