NATHAN LITWIN, ADMINISTRATOR (ESTATE OF
P. EDWARD LIZAUSKAS) *v.* MARK RYAN ET AL.
(AC 32834)

Bishop, Lavine and Beach, Js.

Argued May 17—officially released September 20, 2011

*Iris W. Lord,* pro se, the appellant (proposed intervenor).

*Craig S. Taschner,* for the appellee (named defendant).

*Jonathan J. Meter,* for the appellee (defendant Lizbro, Inc.).

*Opinion*

BEACH, J. The putative intervenor, Iris W. Lord, appeals from the trial court's denial of her motion to intervene as a party plaintiff in this action in which the plaintiff, Nathan Litwin, administrator of the estate of P. Edward Lizauskas, is seeking to void the assignment of certain shares of common stock to the defendant Mark Ryan.[1] On appeal, Lord claims that the court erred by denying her motion to intervene. We conclude that we lack jurisdiction to entertain Lord's claim and, thus, we dismiss her appeal.

The record reveals the following relevant factual and procedural history. On July 6, 2010, the plaintiff filed the amended complaint underlying the present action.[2] It alleged the following facts. Following P. Edward Lizauskas' retirement in 1994, the defendant[3] began providing care to him. Such care consisted of assisting P. Edward Lizauskas with his medical care, legal affairs, business affairs and management of daily living. During this time, P. Edward Lizauskas' health and mental condition had deteriorated and, as such, he granted to the defendant a power of attorney. In 1997, the defendant, "knowing of [P. Edward Lizauskas'] infirm mental and physical state, and being in a position of trust, control and influence over [him], procured [his] signature on a document entitled 'Assignment,' " which purported to assign to the defendant P. Edward Lizauskas' 1160 shares of common stock in Lizbro, Inc. (Lizbro),[4] a Connecticut corporation that conducts business as a farm. The plaintiff further contends that P. Edward

[1] Lizbro, Inc., also is a defendant in this action. Lizbro, Inc., filed a brief with this court adopting the analysis proffered by Ryan in his brief. In this opinion, we refer to Ryan as the defendant and to Lizbro, Inc., by name.

[2] The plaintiff's original complaint was filed on November 14, 2007.

[3] The defendant also is P. Edward Lizauskas' nephew.

[4] Lord estimated that the 1160 shares of Lizbro stock had an approximate value of $4 million as of May, 2004.

Lizauskas had "never demonstrated an intent to make a conveyance of his Lizbro stock . . . when he was healthy and in control of his affairs." As a result, the plaintiff claims, inter alia, that the assignment of the stock should be voided because the defendant procured the assignment by exercising undue influence over P. Edward Lizauskas.[5]

Lord filed a motion to intervene and to be added as a party plaintiff in this action on June 26, 2008. She alleged that she "is a necessary party . . . in this matter . . . [because she] has an interest in the subject matter in this case . . . ." More specifically, she alleged that she is "the sole remaining potential derivative beneficiary through the [e]state of Grayce Lizauskas, deceased wife of . . . P. Edward Lizauskas." In other words, P. Edward Lizauskas' will named his wife, Grayce Lizauskas, as the sole beneficiary of his estate. Thereafter, Grayce Lizauskas executed a will in which Lord was named as the executrix and was one of only two beneficiaries.[6] As such, Lord pleaded that she was "the sole remaining potential derivative beneficiary through the [e]state of Grayce Lizauskas" because if the assignment of stock to the defendant is voided, it would pass to P. Edward Lizauskas' estate and then would pass to her as the sole beneficiary of Grayce Lizauskas' estate. Lord further averred that her interest in this action is not adequately being represented by any party and that neither the plaintiff, nor his counsel, Thomas P. Willcutts, "will . . . communicate with [her] regarding the case."

---

[5] The plaintiff also is seeking to void the transfer of certain real property from P. Edward Lizauskas to the defendant on the ground that the transfer was the result of the defendant's undue influence.

[6] The other beneficiary was a trust created by Grayce Lizauskas. Although the trust instrument is not part of the record before us, Lord filed a sworn affidavit in which she alleged that she is "the sole beneficiary of the residual assets in the [t]rust after certain specified bequests . . . ."

The court held a hearing on Lord's motion to intervene on September 29, 2010. Neither the parties nor Lord presented evidence or requested to present evidence. Counsel for Lord maintained that her interests in this case were not adequately being represented by either the plaintiff or Willcutts. The court disagreed, however, reasoning that the plaintiff "is representing the estate [of P. Edward Lizauskas]," and "the interest of . . . Lord as a beneficiary of the estate [of Grayce Lizauskas] is the same interest as the estate [of P. Edward Lizauskas]" because "[a]nything . . . [Lord] gets out of this case, she gets through the estate [of P. Edward Lizauskas]." The court concluded, therefore, that Lord's interests "are protected by the [plaintiff]" and denied the motion to intervene.[7] This appeal followed.

On appeal, Lord claims that the court erred by denying her motion to intervene. We conclude that Lord does not have the party status necessary to invoke our appellate jurisdiction and, thus, we dismiss her appeal.

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court . . . is governed by [General Statutes] § 52-263 . . . . Section 52-263 provides: Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either *party* is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction

---

[7] The court concluded that "the real party in interest here is the estate. I'm not convinced that . . . Lord . . . otherwise [has] an interest to be brought into this case as an intervenor. So, the motion . . . is denied."

from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9. . . . Thus, [o]n its face, [§ 52-263] explicitly sets out three criteria that must be met in order to establish subject matter jurisdiction for appellate review: (1) the appellant *must be a party*; (2) the appellant must be aggrieved by the trial court's decision; and (3) the appeal must be taken from a final judgment." (Citation omitted; emphasis in original; internal quotation marks omitted.) *In re Joshua S.*, 127 Conn. App. 723, 727–28, 14 A.3d 1076 (2011).

In the present case, Lord's motion to intervene was denied and, thus, she was never a party to the action. "Our Supreme Court has stated, however, that if a would-be intervenor has a colorable claim to intervention as a matter of right . . . both the final judgment and party status prongs of our test for appellate jurisdiction are satisfied. . . . A colorable claim is one that is superficially well founded but that may ultimately be deemed invalid . . . ." (Citation omitted; internal quotation marks omitted.) Id., 728. We conclude that Lord does not have a colorable claim to intervention as a matter of right under the facts of this case.

"In order for a proposed intervenor to establish that it is entitled to intervene as a matter of right, the proposed intervenor must satisfy a well established four element conjunctive test: [T]he motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation. . . . A proposed intervenor must allege sufficient facts, through its motion to intervene and the pleadings, to make the requisite showing of its right to intervene. . . . Failure to meet any

one of the four elements, however, will preclude intervention as of right." (Citations omitted; internal quotation marks omitted.) *BNY Western Trust* v. *Roman*, 295 Conn. 194, 205–206, 990 A.2d 853 (2010). "Our scope of review over a claim of intervention as of right is plenary." Id., 207.

Lord has failed to satisfy this test because she did not allege facts to make a requisite showing of any right to intervene. She merely alleged, essentially, that her interest was identical to that of the estate. This court previously has stated that "[t]he would-be intervenor bears the burden of demonstrating inadequate representation by an existing party. . . . The most significant factor in assessing the adequacy of representation is how the interests of the absentees compare with the interests of the present parties; the weight of the would-be intervenors' burden varies accordingly. If, for instance, the interests are identical or there is a party charged by law with representing a proposed intervenor's interest, a presumption of adequate representation arises that the would-be intervenor can overcome only through a compelling showing of why this representation is *not* adequate. . . . At the other end of the spectrum, a presumption of inadequacy arises when an absentee must rely on his opponent or one whose interests are adverse to his." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 148–49, 758 A.2d 916 (2000).

The interests of Lord as the executrix and beneficiary of the estate of Grayce Lizauskas are, as alleged by Lord, identical to the interests of the plaintiff in the present case. As Willcutts stated during the September 29, 2010 hearing, his primary duties as counsel for the plaintiff "are to the ultimate parties in interest" and that his only interest is "maximizing the benefit to the estate" of P. Edward Lizauskas. In this underlying action, the plaintiff is seeking to void the assignment of Lizbro stock to the defendant. As shown by an exami-

nation of the pleadings, should the plaintiff be successful, ownership of the stock would revert back to the estate of P. Edward Lizauskas and, thus, necessarily pass to the estate's sole beneficiary, the estate of Grayce Lizauskas. Lord, as the executrix and sole beneficiary of the estate of Grayce Lizauskas, would receive the benefit of the Lizbro stock. Lord's ability to acquire the Lizbro stock, therefore, is contingent on the plaintiff's successfully invalidating its transfer to the defendant. Accordingly, the plaintiff and Lord share an identical interest: invalidating the transfer of the Lizbro stock to the defendant and reverting its ownership to the estate of P. Edward Lizauskas.

Because the plaintiff and Lord have the identical interest, there is a rebuttable presumption that Lord's interest is being represented adequately by the plaintiff, which presumption she can overcome only through a compelling showing as to why the plaintiff's representation of her interest is inadequate. See id. On the record before us, Lord has not alleged facts to make such a showing.

In her motion to intervene, Lord baldly asserted that no one "represents her vital interests in [this] matter." She did not, however, allege any specific facts or examples to support her contention.[8] Also, Lord's reply to the defendant's objection to her motion to intervene merely alleged that her interests in this case were not being represented adequately because neither the plaintiff nor Willcutts had communicated with her regarding the case. Even if we assume that neither the plaintiff nor Willcutts had communicated with Lord to her satisfaction; see *Kerrigan* v. *Commissioner of Public Health*, 279 Conn. 447, 457, 904 A.2d 137 (2006) (allega-

---

[8] Ordinarily, a beneficiary has no standing to bring an action regarding harm to a trust. See, e.g., *Second Exeter Corp.* v. *Epstein*, 5 Conn. App. 427, 429–30, 499 A.2d 429 (1985), cert. denied, 198 Conn. 802, 502 A.2d 932 (1986). We need not decide whether Lord lacks standing because of that doctrine in light of our resolution of this appeal.

tions in pleadings in support of motion to intervene taken as true absent sham, frivolity, and other similar objections); this does not, by itself, constitute a *compelling* showing that the plaintiff is not adequately representing her interest in this matter. To the contrary, whether the plaintiff was communicating with Lord is a question different from whether he adequately was pursuing their identical interests.[9] Accordingly, we conclude that Lord does not have a colorable claim to intervention as a matter of right and, thus, she lacks the requisite party status necessary to appeal.[10]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[9] Lord also alleges that at the hearing on her motion to intervene, the court did "not [permit her] to describe the inadequate representation by . . . Willcutts." At the hearing, counsel for Lord requested that he "would like . . . that . . . Lord be given the opportunity to read her motion [to intervene]" because the court was not familiar with it. The court responded that it was familiar with Lord's motion and, thus, it was unnecessary for her to read it. At no point during the hearing did Lord or her counsel seek permission for her to address the court regarding the plaintiff's alleged inadequate representation of her interest. Therefore, the court did not deny Lord an opportunity to offer testimony; rather, the court merely declined to allow Lord to read her motion out loud at the hearing. Accordingly, to the extent Lord argues that the court erred by declining to allow her to read her motion, we find no error.

[10] In her brief to this court, Lord claims that "Willcutts has failed to adequately prepare for the . . . trial by not keeping the fact witnesses and . . . expert witnesses informed of the status of the proceedings." This claim, however, was neither raised in the pleadings nor argued before the court at the hearing regarding the motion to intervene. "It is well established that an appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court . . . to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *DiGiovanna* v. *St. George*, 300 Conn. 59, 95, 12 A.3d 900 (2011). Accordingly, we decline to review this claim. In any event, the plaintiff and Willcutts are not representing Lord; rather, they are seeking to vindicate an interest identical to Lord's.