KENNEDY FUNDING, INC. *v.* GREENWICH
LANDING, LLC, ET AL.
(AC 33725)

Alvord, Sheldon and Peters, Js.

Argued March 5—officially released April 24, 2012

*Christopher G. Brown,* for the appellants (defendants).

*John F. Slane, Jr.,* for the appellee (plaintiff).

*Opinion*

PETERS, J. In *RMS Residential Properties, LLC* v. *Miller,* 303 Conn. 224, 228–33, 32 A.3d 307 (2011), our Supreme Court held that, pursuant to General Statutes § 49-17,[1] the holder of a negotiable promissory note

---

[1] General Statutes § 49-17 provides: "Foreclosure by owner of debt without legal title. When any mortgage is foreclosed by the person entitled to receive the money secured thereby but to whom the legal title to the mortgaged premises has never been conveyed, the title to such premises shall, upon the expiration of the time limited for redemption and on failure of redemption, vest in him in the same manner and to the same extent as such title would have vested in the mortgagee if he had foreclosed, provided the person so foreclosing shall forthwith cause the decree of foreclosure to be recorded in the land records in the town in which the land lies."

secured by a mortgage has standing to bring a foreclosure action against the maker of the note, even before assignment of the mortgage to the holder. The principal issue in this appeal is whether, as the trial court held, such a holder has standing to bring a foreclosure action even if the holder is described in the promissory note as an agent for a number of identified principals. We affirm the judgment of the court.

In an amended complaint filed on January 27, 2009, the plaintiff, Kennedy Funding, Inc., brought an action against the defendants, Greenwich Landing, LLC, and Mahmoud Wahba, for strict foreclosure of a mortgage. The mortgage was security for a promissory note executed by Greenwich Landing, LLC, and guaranteed by Wahba. On December 3, 2010, after title to the mortgaged property had passed to the plaintiff, the defendants filed a motion to dismiss the foreclosure action in which they alleged that the plaintiff lacked standing to bring the action because it was not the owner of the debt. The court denied the motion in a memorandum of decision dated July 12, 2011. The defendants have appealed.

The court's memorandum of decision states the undisputed underlying facts. On February 27, 2007, Greenwich Landing, LLC, executed an $11 million promissory note secured by an "open-end mortgage and security agreement" on property located at 88 South Water Street in Greenwich. Simultaneously, Wahba executed a guarantee agreement in favor of the plaintiff. On September 1, 2008, the defendants failed to make a mortgage payment that had become due. The plaintiff invoked the acceleration clause in the note, so that the entire obligation secured by the mortgage immediately became due. Thereupon, the plaintiff initiated proceedings for a judgment of strict foreclosure. On April 21, 2010, after the defendants had failed to redeem, the plaintiff recorded a certificate of foreclosure attesting

to the passage of title to the property to the plaintiff. The plaintiff filed a motion for a deficiency judgment on April 30, 2010.

The defendants' appeal relates to their December 3, 2010 motion, in which they maintained that the plaintiff's action should be dismissed because, in their view, the plaintiff lacked standing to bring the foreclosure action. The defendants argued that the plaintiff's initiation of suit was improper because, when it filed the foreclosure action, the plaintiff (1) did not own the mortgage and (2) was acting as an agent for disclosed principals.

In addition to contesting the merits of the defendants' motion to dismiss, the plaintiff argued that the defendants' motion was time barred because it had been filed more than eight months after title to the property had passed to the plaintiff. The court rejected the plaintiff's argument, concluding that, despite their delay, the defendants had standing to pursue their motion to dismiss because they were contesting the court's subject matter jurisdiction to adjudicate the foreclosure action.

On the merits, however, the court ruled in favor of the plaintiff. Relying on this court's decision in *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 576–77, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010), and anticipating our Supreme Court's holding in *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 224, the court held that § 49-17 empowered the plaintiff, as the payee and holder of a negotiable instrument, to foreclose a mortgage securing the debt of the maker of the instrument. The court held further that general principles of agency law permit an agent to institute a lawsuit for the benefit of a disclosed principal "when the agent is a 'holder' of a negotiable instrument . . . ." Accordingly, the court denied the defendants' motion to dismiss.

On appeal to this court, the defendants claim that the trial court improperly denied the motion to dismiss because the plaintiff's lack of standing deprived the trial court of subject matter jurisdiction over the foreclosure action. The defendants argue that the plaintiff had no standing to enforce the mortgage because (1) the plaintiff did not own the mortgage and (2) the plaintiff could not bring the foreclosure action in a representative capacity. The plaintiff renews its contention that the defendants' motion to dismiss was untimely.

All but one of these issues are, however, foreclosed by our Supreme Court's decision in *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 224. Contrary to the plaintiff's contention that the defendants' motion was untimely, the Supreme Court addressed a creditor's right to foreclose a mortgage that was security for a promissory note as a question of standing,[2] which can be raised at any time. Id., 228–29. Contrary to the defendants' contention that the plaintiff, as holder of the note,[3] had only a monetary cause of action, the Supreme Court held that § 49-17 gives a creditor who is a holder of a promissory note the right to foreclose a mortgage even before the creditor obtains an assignment of the mortgage. Id., 229–32.

The only issue yet to be decided, therefore, is the propriety of the court's conclusion that the plaintiff, as the holder of the note, was entitled to enforce the note even though the note denominated the plaintiff "as

---

[2] The plaintiff also maintains that the defendants are foreclosed from raising any defense to the plaintiff's foreclosure action because, on June 9, 2009, in an earlier hearing before the trial court, the defendants waived "all defenses, setoffs and counterclaims" to induce the plaintiff to consent to their motion to open the judgment of foreclosure and extend the law day. Because subject matter jurisdiction cannot be waived, this argument is unavailing.

[3] The defendants never disputed that the plaintiff was the holder of the note.

agent for the lenders identified on Schedule A annexed hereto . . . ." The defendants argue that, as a mere collection agent, the plaintiff lacked standing to enforce the note or to foreclose the mortgage. They maintain that the court improperly held that the lenders had the right to authorize and did authorize the plaintiff to sue on their behalf. We disagree.

The defendants' claim presents a question of law over which our review is plenary. *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 413, 35 A.3d 188 (2012). In support of their contention that the court's ruling was improper, the defendants rely on *Second Exeter Corp.* v. *Epstein*, 5 Conn. App. 427, 429–30, 499 A.2d 429 (1985), cert. denied, 198 Conn. 802, 502 A.2d 932 (1986), in which this court held that a collection agent lacked the authority to sue a debtor in his own name. We are not persuaded that this precedent is dispositive in this case, in which the plaintiff agent is the payee and holder of a negotiable instrument.

The proper test for assessing the authority of the plaintiff to bring the foreclosure action in this case is stated in 2 Restatement (Third), Agency § 6.01, comment (d) (1), pp. 12–13 (2006).[4] That comment provides in relevant part: "When an agent enters into a contract on behalf of a disclosed principal, the agent is not a party to the contract unless the agent and the third party so agree. . . . The manner in which an agent's name appears in a contract is often relevant to establishing whether the agent agreed to become a party to the contract . . . ." Id.

Applying this test to the undisputed facts of record in the present case demonstrates, as a matter of law, that the plaintiff was not merely a collection agent for

---

[4] We note that the trial court relied on an earlier version of the same test. See Restatement (Second), Agency § 364, pp. 143–44 (1958).

the principal lenders. The record establishes that the principals designated the plaintiff as the payee and holder of a negotiable promissory note documenting the defendants' indebtedness. By this designation, the principals unequivocally manifested their intention to authorize the plaintiff to exercise the rights that the law of negotiable instruments confers on the holder of a negotiable promissory note. See *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 230–31. The Uniform Commercial Code, in General Statutes § 42a-3-301,[5] codifies prior law that such a holder is "entitled to enforce" the instrument. Furthermore, by initiating the present litigation, the plaintiff unequivocally manifested its intention to undertake the responsibility assigned to it by the principal lenders. Cf. *Thomas B. Olson & Associates, P.A.* v. *Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d 907, 919 (Minn. App. 2008) (whether defendant lawyer had undertaken to be bound personally is a question of fact), review denied, 2009 Minn. LEXIS 15 (Minn. January 20, 2009).

On this record, the court properly determined that, although described as an agent, the plaintiff had the authority to enforce the defendants' promissory note and the mortgage that was the security for that note. In light of *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 224, the court's other conclusions of law are equally unassailable.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] General Statutes § 42a-3-301 provides: "Person entitled to enforce instrument. 'Person entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 42a-3-309 or 42a-3-418 (d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."